**Joshuway DAVIS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4232.**

Supreme Court of Alaska.

May 30, 1980.

Dana Fabe, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Timothy Petumenos, Asst. Atty. Gen., Joseph Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

CONNOR, Justice.

This is an appeal from the denial of a motion under Criminal Rule 35(a), asking for a modification of sentence.

This is the fourth time that Davis' case has been before us. The previous appeals consist of *Davis v. State*, 525 P.2d 541 (Alaska 1974) [hereinafter *Davis I*]; *Davis v. State*, 566 P.2d 640 (Alaska 1977) [hereinafter *Davis II*]; and *Davis v. State*, 577 P.2d 690 (Alaska 1978) [hereinafter *Davis III*].

In *Davis I*, we affirmed the conviction for five counts of selling heroin and one count for possession of heroin. In *Davis II*, we affirmed the denial of a motion, brought in 1975, by which Davis sought to modify his

---

sentence. In *Davis III*, which was a separate sentence appeal, brought after we relaxed the normal rules concerning the time for appeal, we affirmed the sentence.

After this third affirmance Davis filed once again under Rule 35(a) for a reduction of sentence. The superior court denied the motion on the grounds that the filing of a sentence appeal does not extend the time for filing a motion under Criminal Rule 35(a), that the issue was res judicata, that the motion must be determined by the sentencing judge, and that the motion was not supported by a memorandum, as required by Civil Rule 77.

Criminal Rule 35(a) provides:

"(a) *Correction or Reduction of Sentence.* The court may correct an illegal sentence at any time. The court may reduce a sentence within 120 days after sentence is imposed, or within 120 days after receipt by the court of either a mandate issued upon affirmance of the judgment or an order of dismissal of the appeal, or within 120 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief. The court shall retain jurisdiction under this paragraph notwithstanding the pendency of an appeal. If such a motion is filed during the pendency of a sentence appeal, the proceedings on that sentence appeal shall be automatically stayed upon the filing of a copy of the motion with the court in which the sentence appeal is pending. The stay shall remain in effect until the motion is decided."

In allowing Davis to bring a late sentence appeal, we relaxed the normal rules which would have barred the appeal. If his sentence appeal had been brought in 1973, when he appealed his conviction, the time for bringing a Criminal Rule 35(a) motion would have run long ago. After the appeal from his conviction had been determined, we reviewed extensively the denial of a Rule 35(a) motion, which itself was untimely. *Davis II* at 641. Thereafter, in the

interests of justice, we granted Davis' request to file a late sentence appeal, because it was unclear whether counsel for Davis had failed him in not taking a sentence appeal in 1973. *See Davis III* at 692. He now invokes the literal language of Criminal Rule 35(a) to assert that he may file an additional motion to reduce his sentence.

What is overlooked is that this is not a normal situation. Our mandate in *Davis I* was received in the trial court on September 11, 1974. *See Davis II* at 641. The time for filing a motion to reduce would, in a normal case, have run shortly thereafter.[1] By relaxing the rules to permit a late sentence appeal, we did not necessarily relax Rule 35(a) so as to allow Davis to take advantage of that rule in a manner which would not be available to an ordinary criminal defendant who appeals in a timely fashion.

Davis has had three separate appeals since his conviction in January of 1973. He has been given extensive consideration by both trial and appellate courts. His invocation of the literal language of Rule 35(a) at this point is unimpressive. We hold that the motion at issue here was untimely.[2]

AFFIRMED.

BOOCHEVER, J., with whom MATTHEWS, J., joined, dissenting.

BURKE, J., not participating.

BOOCHEVER, Justice, joined by MATTHEWS, Justice, dissenting.

Under Criminal Rule 35(a), a motion to reduce a sentence can be made within 120 days after the superior court receives our mandate on an appeal. The rule does not distinguish between appeals on the merits of the conviction and sentence appeals. In this case, once the late appeal was allowed to be filed, without conditions or restrictions, Davis was entitled to the rights specified in Rule 35(a) to move for a reduction of his sentence within 120 days after the supe-

---

1. Within 60 days under the former rule; within 120 days under the current rule.

2. We are not passing on any other questions raised in this appeal.

rior court's receipt of our mandate. The rule as presently written permits repeated motions to reduce a sentence, as long as filed within 120 days after a supreme court mandate or order issued as the result of a prior appeal.[1] The policies underlying the rule may be addressed by consideration of a change in its terms. In the absence of such a change, Davis should be entitled to the rights granted by the rule.

---

1. The motion would be barred by the doctrine of res judicata if not based on new grounds. Davis contends that his rehabilitation since his last hearing is a new ground for relief.