**Moses GABRIELOFF, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–2214.**

**Court of Appeals of Alaska.**

**July 29, 1988.**

Donald L. Surgeon, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

**OPINION**

Before BRYNER, C.J., COATS and SINGLETON, JJ.

SINGLETON, Judge.

Moses Gabrieloff pled no contest and was convicted of one count of sexual assault in the first degree, an unclassified felony. AS 11.41.410(a)(1). Gabrieloff, a first felony offender, was subject to an eight-year presumptive term. AS 12.55.-

---

125(i)(1). No aggravating or mitigating factors were asserted. *See* AS 12.55.155. The trial court did not find that imposition of the sentence resulted in manifest injustice and thus did not refer the case to the three-judge panel. AS 12.55.165–.175. *See Lloyd v. State*, 672 P.2d 152 (Alaska App. 1983). After hearing from the parties, the court imposed the presumptive term. Gabrieloff appealed, contending that the sentence was excessive and that the court erred in not transferring the proceeding to the three-judge panel. We affirmed. *Gabrieloff v. State*, Memorandum Opinion and Judgment No. 944 (Alaska App., October 9, 1985). We reasoned that the prolonged nature of the assault, the substantial injury suffered by the victim, and Gabrieloff's prior misdemeanor record for assault and disorderly conduct supported the trial court's conclusion that a sentence of eight years was not manifestly unjust. *Id.* at 2.

In April 1987, Gabrieloff sought sentence modification, pursuant to Alaska Rule of Criminal Procedure 35(b). Gabrieloff argued that the trial court had initially noted that if presumptive sentencing had not applied, it would have sentenced him to a period of incarceration with alcohol treatment to be followed by a period of probation. In Gabrieloff's view, he has served a substantial period of time, has completed alcohol treatment, and should be released on probation. The state opposed the motion, arguing that the trial court had no authority to modify a presumptive sentence in the absence of mitigating factors or a basis for referral to the three-judge panel. The case was assigned to Superior Court Judge Gail Roy Fraties who denied the motion in a written decision. Judge Fraties concluded:

> The court has read and considered defendant's motion and memorandum for sentence modification, together with the state's opposition. The defendant offers no authority for his theory that a presumptive term may be reduced by operation of Criminal Rule 35(b), other than to allege that a presumptive term (when adjusted if necessary, for aggravators and mitigators) somehow differs from a minimum sentence.

In the court's view, when Rule 35(b) provides that the limitation on its operation is that the modification cannot fall below the "minimum required by law," that minimum, in the case of a presumptive sentence is the adjusted term. (AS 12.55.125(i)).

Gabrieloff appeals, basing his arguments on differences between Criminal Rule 35(b) and the statute which led to its promulgation. Former AS 12.55.088 provides in relevant part:

> (a) The court may modify or reduce a sentence at any time during a term of imprisonment if it finds conditions or circumstances have changed since the original sentencing hearing such that the purpose of the original sentence is not being fulfilled.

> (b) The sentencing court may not be required to entertain a second or successive motion for similar relief brought under (a) of this section on behalf of the same prisoner.

> (c) No sentence may be reduced or modified so as to result in a term of imprisonment which is less than the minimum or presumptive sentence required by law for the original sentence.

In contrast, Criminal Rule 35(b) provides:

> The court may modify or reduce a sentence at any time during a term of imprisonment if it finds that conditions or circumstances have changed since the original sentencing hearing such that the purposes of the original sentence are not being fulfilled.

> (1) The sentencing court is not required to entertain a second or successive motion for similar relief brought under this paragraph on behalf of the same petitioner.

> (2) No sentence may be reduced or modified so as to result in a term of imprisonment which is less than the minimum required by law.

Gabrieloff notes that the statute precludes reduction of a sentence below the minimum or presumptive term required by law for the original sentence. In contrast, the rule only precludes reduction below the

minimum term. He argues, therefore, that a trial court has authority under the rule to reduce a sentence so long as the reduction does not go below the minimum. He points out that there is no minimum sentence for sexual assault in the first degree. Consequently, he contends, the trial court should have considered his potential for rehabilitation, his successful completion of the alcohol program, together with the support of his friends and family, and lowered his sentence.

It is not clear that Criminal Rule 35(b) or the statute which led led to its enactment were intended to permit a trial court to modify a sentence at any time if convinced that an incarcerated person has been rehabilitated. It is not necessary for us to decide that issue in this case. We are satisfied that the trial court has no power to impose a sentence, pursuant to Criminal Rule 35(b), that he or she would not have been permitted to impose at initial sentencing. Because the trial court's power to initially sentence is subject to presumptive sentencing, it necessarily follows that in the absence of mitigating factors, or a basis for a referral to the three-judge panel, the court is obligated to impose the presumptive term. Such a sentence is not subject to modification thereafter pursuant to Criminal Rule 35(b).[1]

The judgment of the superior court is AFFIRMED.

---

1. Gabrieloff did not ask the trial court to consider new mitigating factors or new reasons for possible referral to the three-judge panel in connection with his application for relief pursuant to Criminal Rule 35(b). We express no opinion regarding the availability of this rule for those purposes.