Glen M. FOWLER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2190.

Court of Appeals of Alaska.

Dec. 30, 1988.

John M. Murtagh, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On August 22, 1983, Glen M. Fowler pled no contest and was convicted of sexual assault in the first degree, an unclassified felony, in violation of AS 11.41.410(a)(1). As a first felony offender, Fowler was subject to an eight-year presumptive term. AS 12.55.125(i)(1). The court found two aggravating factors: (1) that Fowler caused his victim physical injury, AS 12.55.-155(c)(1), and (2) that Fowler's conduct was among the most serious conduct included within the definition of the offense. AS 12.55.155(c)(10). The court expressly rejected the proposed mitigating factor—that Fowler's conduct was among the least serious within the definition of the offense. AS 12.55.155(d)(9). The court sentenced Fowler to an aggravated presumptive term of thirteen years with five years suspended.

The date of the offense was April 28, 1983; the sentence was imposed on April 6, 1984. On February 20, 1987, Fowler moved, pursuant to Alaska Rule of Criminal Procedure 35(b), to have his case referred to a three-judge panel. During oral argument, counsel made it clear that he was not arguing that the case should have been referred to the three-judge panel at the original sentencing. Counsel said:

> Solely—I mean that I can make the record clear so we've got not an unclear record. I'm making that request [referral to the three-judge panel] solely on his progress. We're not looking back to April 6, 1984, and being critical of the court.... So I'm trying to make this a real neat, tidy, legal issue. We're saying that the case can go to the three-judge panel solely based on progress [in the institution] in the context of a Rule 35.

■■■ Judge Buckalew took the matter under advisement and issued a written decision in the form of a notice of intention to dismiss the post-conviction relief application.[1] Judge Buckalew apparently conclud-

---

**1.** The trial court apparently mistakenly believed that applications pursuant to Alaska Rule of Criminal Procedure 35(b) were subject to the requirement that the trial court give advance notice of an intent to dismiss an application for post-conviction relief on the grounds of procedural insufficiency. *See Wood v. Endell,* 702 P.2d 248, 249 (Alaska App.1985); *Hampton v. Huston,* 653 P.2d 1058, 1060 (Alaska App.1982). The procedures outlined in *Wood* and *Hampton* apply only to post-conviction relief applications. *See, e.g., Winslow v. State,* 587 P.2d 738, 739–40 (Alaska 1978). Alaska Rule of Criminal Procedure 35(b) is a different rule, having a different derivation. *See State v. Price,* 715 P.2d 1183, 1185–86 (Alaska App.1986). It would appear, therefore, that applications pursuant to Criminal Rule 35(b) would be governed by the general rules governing motion practice in criminal cases. *See, e.g., Weidner v. Superior Court,* 715 P.2d 264, 266–68 (Alaska App.1986) (comparing and contrasting criminal motion practice under Criminal Rule 42 and Civil Rule 77, made applicable to criminal motion practice by Criminal Rule 50(b)). *See also Selig v. State,* 750 P.2d 834, 837–39 (Alaska App.1988); *State v. Johnson,* 525 P.2d 532, 534 (Alaska 1974); *cf.* Alaska R.Crim.P. 40(d) (dealing with criminal motion practice). We note that the federal cases interpreting Federal Rule of Criminal Procedure 35(b), which is similar to Alaska Rule of Criminal Procedure 35(a), hold that it is discretionary with the trial court whether to hear oral testimony or arguments on a motion to reduce a sentence or to permit the defendant to be present. 3 C. Wright, *Federal Practice and Procedure: Criminal,* § 586 at 405–06 (2d ed. 1982 & Supp.1988). In most cases, the trial court will be able to determine from the motion, the opposition, and any affidavits (1) whether the purposes of the original sentence are being accomplished and (2) whether any modifications

ed that Fowler had made extraordinary progress towards his rehabilitation while incarcerated. He found:

> Since his sentencing, Mr. Fowler has made exemplary strides toward rehabilitation. On January 15, 1987, Mr. Fowler was placed into the After–Care Wing of the Hiland Mountain Sexual Offender Treatment Program. He has completed the Blackout group conducted by the Langdon Psychiatric Clinic; a thinking errors class; anger management counseling offered by Clitheroe Center's substance abuse counseling; and thirty college credits, receiving straight A's. As noted by his probation officer, Mr. Fowler's job evaluations have been good to excellent. He participates in numerous outreach programs and serves on the Board of Directors of the Inmate Corporation.
>
> Mr. Fowler's treatment team, consisting of several recognized mental health professionals, supports a modification of his sentence. Dr. Martin Atrops, Mr. Fowler's therapist at Langdon Clinic, feels that Mr. Fowler would be capable of continuing his treatment in an outpatient counseling setting. Dr. Bruce Smith indicates that Mr. Fowler is "currently in a holding pattern regarding the application of the tools he has acquired through over two years of participation in the sexual offender treatment program.... [I]t would be in the best interest of Mr. Fowler's treatment and not of detriment to society for him to be placed in a furlough status at this time."

The trial court, nevertheless, concluded that it lacked jurisdiction to grant Fowler relief:

> Although this court would like to consider Mr. Fowler's rehabilitated status under a Rule 35(b) modification of sentence, it finds no legal vehicle with which to do so. Mr. Fowler has already been sentenced by this court to a presumptive term. Nor is *Smith v. State*, 711 P.2d

561 (Alaska App.1985), applicable considering the procedural posture of the case.

Fifteen days later, after considering Fowler's objections, the trial court dismissed the application. Fowler appeals, claiming that: (1) the trial judge erred in interpreting the trial court's authority under Criminal Rule 35, and (2) if the trial judge's interpretation is correct, then the presumptive sentencing scheme is unconstitutional. We affirm.

## DISCUSSION

This court has recently addressed the scope of Alaska Rule of Criminal Procedure 35(b) in *State v. Ambrose*, 758 P.2d 639 (Alaska App.1988) and *Gabrieloff v. State*, 758 P.2d 128 (Alaska App.1988). In *Gabrieloff*, we specifically reserved the question of whether Alaska Rule of Criminal Procedure 35(b) authorizes a trial court to consider new mitigating factors or new reasons for possible referral to a three-judge panel that were not raised at initial sentencing. *Id.* at 130 n. 1. In *Ambrose*, we said:

> The language of Criminal Rule 35(b) attaches only three prerequisites to the court's authority to modify a sentence at any time after it is originally imposed. First, some change in conditions or circumstances affecting the defendant must occur after the original sentence is imposed. For purposes of the present case, we need not decide whether the changes must be in the conditions or circumstances as they actually were at the time of sentencing or as the court and parties believed them to be. Second, the change must relate to "the purposes of the original sentence." A change relates to a purpose of the original sentence either when it significantly affects one of the fundamental sentencing goals, *see State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970), and AS 12.55.005, or when it implicates some other specific objective of the

are warranted to better carry out the original sentence. We therefore conclude that it is discretionary with the trial court whether to hold an evidentiary hearing, hear oral argument, or require the defendant's presence in connection

with a decision on a Rule 35(b) application. *Cf. Tookak v. State*, 680 P.2d 509, 512 (Alaska App. 1984) (reserving the question of whether a hearing is necessary to resolve a Criminal Rule 35(a) motion).

original sentence that was expressly addressed in the written judgment or in the court's oral sentencing remarks. Third, the effect of the subsequent change in conditions or circumstances must be so significant as to defeat or substantially frustrate implementation of the sentencing goal or objective.

*Ambrose,* 758 P.2d at 642.

In a footnote, we cautioned:

These three prerequisites render the provisions of Criminal Rule 35(b) significantly narrower than those of Criminal Rule 35(a). Under subsection (a), the sentencing court is given broad authority to reduce a sentence. No limitation or restriction of the court's authority is specified in the language of the subsection; the court is empowered to reduce a sentence for virtually any reason, subject only to the restriction that the reduction not amount to an abuse of discretion. *See* 3 C. Wright, *Federal Practice and Procedure* § 586 at 398–404 (1982). However, the court's authority to reduce a sentence under subsection (a) may be exercised only within 120 days after a sentence is imposed. This time limitation acts as a necessary concomitant of the court's broad authority under subsection (a).

*Id.* at 642 n. 3.

▮ The trial court has discretion to consider a person's rehabilitation while incarcerated in evaluating an application pursuant to Alaska Rule of Criminal Procedure 35(a). *See Davis v. State,* 566 P.2d 640, 643 (Alaska 1977).[2] It is less clear that Alaska Rule of Criminal Procedure 35(b) can be read together with AS 12.55.-165–.175 to permit the trial court to refer a case to a three-judge panel based upon a nonstatutory mitigating factor—institutional rehabilitation—arising after the defendant has served a significant part of his or her sentence. Having carefully considered

the record, we hold that Judge Buckalew correctly interpreted Rule 35(b). Judge Buckalew was correct in concluding that Fowler's motion and supporting affidavits did not state a claim for relief under Criminal Rule 35(b).

▮ When a judge fashions a sentence in a particular way in order to achieve specific goals, and subsequent events prevent the accomplishment of those goals, Criminal Rule 35(b) gives the defendant a means for bringing the matter to the court's attention. When such a motion is made, the trial court has broad discretion in deciding it. Essentially, the court is faced with two questions: (1) Do the subsequent events establish that "the purpose of the original sentence is not being fulfilled?", and (2) if so, should the original sentence be modified to better achieve proper sentencing goals? The first question was addressed in *Ambrose,* where, as discussed above, we established a three-part test to aid the court in deciding the question. If the first question is answered affirmatively, then the trial court still must decide, in its discretion, whether to modify the original sentence. On this record it is not necessary for us to consider this second question, because we cannot answer the first question affirmatively. Fowler's application does not satisfy the three-prong test established in *Ambrose.*

▮ Assuming, *arguendo,* that the first two prongs of the test have been satisfied (1) that there has been a change in circumstances because Fowler was successfully rehabilitated more rapidly than the trial court had predicted, and (2) that this change relates to the purposes of Fowler's original sentence—rehabilitation, Fowler has not alleged facts which satisfy the third prong of the *Ambrose* test. This change of circumstances hardly defeats or substantially frustrates implementation of the sentencing goal or objective originally

---

**2.** Criminal Rule 35(a) would appear to be broad enough to permit the relief Fowler wishes if a timely motion had been made. It appears to us that the power to "resentence" includes the power to take any action that could have been taken at the initial sentencing including consideration of mitigating factors and referral to the three-

judge panel. However, Fowler did not bring his motion within the time period allowed by this rule and has not requested the trial court to relax those time limits. *See Thomas v. State,* 566 P.2d 630, 638–39 (Alaska 1977). We therefore do not consider Fowler's application under the standard applicable to Criminal Rule 35(a).

intended by the trial court.[3] We are not prepared to say that predictions by mental health professionals that further incarceration would be counter-productive to Fowler's rehabilitation are sufficient to satisfy the third criterion. Ultimately, it is for the trial court to determine whether the intervening circumstances asserted by the defendant "defeat the original sentencing goals." We are satisfied that the supreme court drafted Rule 35(b) in order to carry out the legislature's intent in enacting former AS 12.55.088[4] and that the legislature did not intend to establish the trial court as a parole board to evaluate a sentenced prisoner's rehabilitation while incarcerated and to release him or her when satisfied that rehabilitation had been accomplished. Establishing a judicial parole board would conflict with the legislature's obvious intent to limit the availability of parole in cases where presumptive sentencing applies.

Fowler next argues that presumptive sentencing is unconstitutional unless the trial court has jurisdiction, during the entire time the defendant is serving a presumptive term, to modify the sentence based upon the defendant's efforts toward rehabilitation. We disagree. It is within the legislature's prerogative to determine appropriate sentences. *See, e.g., Dancer v. State,* 715 P.2d 1174 (Alaska App.1986); *Nell v. State,* 642 P.2d 1361, 1367–70 (Alaska App.1982).[5] The availability of parole either at the direction of an agency in the executive branch or at the direction of a judicial officer is not necessary to make presumptive or minimum sentences constitutional.

The judgment of the superior court is AFFIRMED.

---

3. In effect, Fowler is asking for a resentencing based on proof that the original sentence was more severe than was necessary to accomplish his rehabilitation and to protect the public. He seeks a change in the substance of the original sentence which can only be accomplished pursuant to Criminal Rule 35(a). In contrast, a motion pursuant to Criminal Rule 35(b) accepts the substance of the original sentence and seeks to implement it by addressing an intervening event or events which prevent one or more of the objects of the original sentence from being accomplished.

4. Former AS 12.55.088 provided, in part:

(a) The court may modify or reduce a sentence at any time during a term of imprisonment if it finds conditions or circumstances have changed since the original sentencing hearing such that the purpose of the original sentence is not being fulfilled.

(b) The sentencing court may not be required to entertain a second or successive motion for similar relief brought under (a) of this section on behalf of the same prisoner.

(c) No sentence may be reduced or modified so as to result in a term of imprisonment which is less than the minimum or presumptive sentence required by law for the original sentence.

5. Fowler cites *Dancer* for the proposition that presumptive sentencing would be unconstitutional but for certain safeguards, which the legislature has written into the statutes, such as those providing for mitigating factors, *see, e.g.,* AS 12.55.155, and for a referral to a three-judge panel, AS 12.55.165–.175. Fowler misunderstands *Dancer.*

*Dancer* argued, in substance, that the presumptive sentencing scheme was rigid and unbending. In our opinion, we noted that, in fact, presumptive sentencing was more flexible than Dancer acknowledged. We did not intend to indicate that the flexibility written into the statute was in any sense constitutionally mandated. As we noted in *Dancer,* under Alaska law, appropriate sentences are essentially a matter for legislative determination.