Alna Paul MITCHELL, Appellant,

v.

STATE of Alaska, Appellee.

No. A-2457.

Court of Appeals of Alaska.

Jan. 6, 1989.

Charlene A. Lichtmann, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, Chief Judge, and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Alna Paul Mitchell was convicted of two counts of misconduct involving a controlled substance in the second degree, specifically, delivery of Dilaudid, a synthetic opiate. Misconduct involving a controlled substance in the second degree is a class A felony. AS 11.71.020. Mitchell had one prior felony conviction and was therefore subject to a presumptive term of ten years on each count. AS 12.55.125(c)(3). Superior Court Judge Peter A. Michalski found that one mitigating factor had been estab-

lished, the offenses involved small quantities of a controlled substance. AS 12.55.-155(d)(14). Judge Michalski sentenced Mitchell to a term of ten years with four years suspended on each count, with the sentences to run concurrently. Judge Michalski made a specific recommendation that Mitchell receive drug-abuse treatment while in custody.

Mitchell filed a notice of appeal from his conviction and sentence, but did not pursue his sentence appeal. This court affirmed Mitchell's conviction in an unpublished memorandum opinion. *Mitchell v. State,* Memorandum Opinion And Judgment No. 1335 (Alaska App., February 25, 1987).

On December 2, 1987, Mitchell filed a motion to modify his sentence under Criminal Rule 35(b), asking the trial court to suspend one additional year of his sentence.[1] In addition, Mitchell asked the court to make a specific recommendation that he be placed in a half-way house. Mitchell argued that he had been an exemplary prisoner during the approximately three years of his incarceration. He had participated in all available drug and alcohol abuse programs, had been an excellent worker, had had no disciplinary incidents, and had progressively been classified to less restrictive correctional facilities. In supporting affidavits, he presented evidence that, while a reduction in sentence and a favorable recommendation by the trial court would not guarantee his transfer to a half-way house, it would substantially increase the likelihood of such an assignment.

The trial court denied Mitchell's application without a hearing and denied a further application for reconsideration and a request to put on evidence. Mitchell appeals, claiming that: (1) the trial court abused its discretion in denying Mitchell's Rule 35(b) motion; (2) Mitchell was denied his constitutional right to rehabilitation; and (3) the

---

1. In *Gabrieloff v. State,* 758 P.2d 128, 130 (Alaska App.1988), we held that a trial court has no power to impose a sentence, pursuant to Criminal Rule 35(b), which it would not have been permitted to impose at initial sentencing. Mitchell was subject to a ten-year presumptive term, and the trial court found one mitigating factor. Therefore, the court was authorized to decrease the presumptive term by an amount as great as fifty percent of the presumptive term, to an adjusted sentence of five years. AS 12.55.-155(a)(2). Thus, Mitchell's request was consistent with *Gabrieloff.*

trial court abused its discretion in denying Mitchell's request for an evidentiary hearing.

## DISCUSSION

At the outset, it is important to recognize that Alaska Rules of Criminal Procedure 35(a), 35(b), and 35.1 have different derivations and are subject to different procedures. *See, e.g., State v. Price,* 715 P.2d 1183, 1185–86 (Alaska App.1986). In *State v. Ambrose,* 758 P.2d 639 (Alaska App. 1988), we discussed the prerequisites to relief under Criminal Rule 35(b):

> First, some change in conditions or circumstances affecting the defendant must occur after the original sentence is imposed. For purposes of the present case, we need not decide whether the changes must be in the conditions or circumstances as they actually were at the time of sentencing or as the court and parties believe them to be. Second, the change must relate to "the purposes of the original sentence." A change relates to a purpose of the original sentence either when it significantly affects one of the fundamental sentencing goals or when it implicates some other specific objective of the original sentence that was expressly addressed in the written judgment or in the court's oral sentencing remarks. Third, the effect of the subsequent change in conditions or circumstances must be so significant as to defeat or substantially frustrate implementation of the sentencing goal or objective.

758 P.2d at 642 (citation omitted).

■ We noted that these criteria distinguished an application pursuant to Criminal Rule 35(b) from one pursuant to Criminal Rule 35(a).

> These three prerequisites render the provisions of Criminal Rule 35(b) significantly narrower than those of Criminal

Rule 35(a). Under subsection (a), the sentencing court is given broad authority to reduce a sentence. No limitation or restriction of the court's authority is specified in the language of the subsection; the court is empowered to reduce a sentence for virtually any reason, subject only to the restriction that the reduction not amount to an abuse of discretion. *See* 3 C. Wright, *Federal Practice and Procedure* § 586 at 398–404 (1982). However, the court's authority to reduce a sentence under subsection (a) may be exercised only within 120 days after a sentence is imposed. This time limitation acts as a necessary concomitant of the court's broad authority under subsection (a). *Id.* § 587 at 407–10. *See also* III *Standards for Criminal Justice* § 18.–7.1 and commentary at 501–02 (Approved Draft 1979). In the present case, relief would not have been available to Ambrose under subsection (a) because of the 120–day time limitation, and his motion was necessarily governed by the narrower requirements of subsection (b).

*Id.* at 642 n. 3. Like Ambrose, Mitchell did not bring his motion within the time limitations prescribed in Criminal Rule 35(a) and his motion is therefore governed by the narrower prerequisites of 35(b).[2]

Applying the *Ambrose* criteria, it appears that Mitchell's motion was not properly brought pursuant to Criminal Rule 35(b). Mitchell is, in essence, making three arguments. First, he contends that his original sentence was excessive when compared to sentences imposed on individuals convicted under similar circumstances of similar crimes. He relies primarily on *McReynolds v. State,* 739 P.2d 175 (Alaska App.1987) (defendant was convicted of selling drugs to the same undercover informer as Mitchell; the quantity was roughly the same in both cases). McReynolds, a first

---

**2.** We recognize that the supreme court has, on a number of occasions, indicated that the time limitations in Criminal Rule 35(a) are subject to the trial court's power to relax the rules in the interest of justice. Thus, in an appropriate case, the trial court can hear an untimely Rule 35(a) motion. *See, e.g., Davis v. State,* 612 P.2d 49, 50 (Alaska 1980); *Wheeles v. State,* 566 P.2d 1013, 1015–16 (Alaska 1977); *Thomas v. State,* 566 P.2d 630, 638–39 (Alaska 1977). Because Mitchell neither brought this motion pursuant to Criminal Rule 35(a) nor invoked the trial court's discretion to relax the time limits prescribed in that rule, it is not necessary for us to address Rule 35(a) further.

felony offender, was subject to a five-year presumptive term, and was sentenced to five years with one year suspended. In *McReynolds,* we held that, given the circumstances of the offense and the small quantity of the drugs, the defendant was entitled to maximum mitigation of his sentence down to five years with two and one-half years suspended. *See* AS 12.55.-155(a)(1). Mitchell contends that, as a second felony offender committing essentially the same offense as McReynolds, under virtually identical circumstances, his sentence should also have been cut in half and reduced from the presumptive ten years to a mitigated sentence of five years. This was essentially the relief he requested in his motion. Second, Mitchell argues that the trial court could and should consider an offender's performance in prison in ruling on a Rule 35 motion. *See Davis v. State,* 566 P.2d 640, 643 (Alaska 1977). Finally, Mitchell argues that he has exhausted all alcohol and drug rehabilitative programs within the institutions. In order to receive further treatment for his drug dependency, he reasons, he must be transferred to a half-way house. In Mitchell's view, while the trial court has no power to order this transfer, the court should recommend it in order to facilitate his transfer. Mitchell relies on *Good v. State,* 590 P.2d 420 (Alaska 1979). *See also LaBarbera v. State,* 598 P.2d 947, 949 (Alaska 1979); *Abraham v. State,* 585 P.2d 526, 530–33 (Alaska 1978); *Rust v. State,* 582 P.2d 134 (Alaska), *modified on rehearing,* 584 P.2d 38 (Alaska 1978). *But cf. Brandon v. State,* 581 P.2d 1116 (Alaska 1978) (rejecting a similar proposal under Criminal Rule 35(a)).

■ As we have seen, in order to prevail under Alaska Criminal Rule 35(b), a defendant must allege facts intervening since the original sentencing that frustrate the trial court's purposes in imposing the original sentence. It is clear on this record that Judge Michalski did not believe that any of the facts alleged by Mitchell served to frustrate the judge's intentions in originally imposing a mitigated presumptive term of

ten years with four years suspended. Consequently, the trial court did not err in denying the Rule 35(b) motion. Mitchell's contention that his original sentence was excessive and that he has been rehabilitated during his period of imprisonment are factors properly addressed in a sentence appeal or in an application under Criminal Rule 35(a), but not a motion under Criminal Rule 35(b). The supreme court, when it indicated that rehabilitation may be considered, was addressing only Rule 35(a), not Rule 35(b). *Davis,* 566 P.2d at 643. *See Fowler v. State,* 766 P.2d 588, 591–592 & n. 3 (Alaska App., 1988).

The trial court did not err in failing to consider Mitchell's rehabilitation while incarcerated. *See Fowler,* at 591–592. As to Mitchell's third contention—that he is not receiving constitutionally mandated treatment from the Division of Corrections—we find that this claim must be brought in an independent civil action for declaratory or injunctive relief. *See, e.g., Rust v. State,* 584 P.2d 38, 39 (Alaska 1978); *Bishop v. Anchorage,* 685 P.2d 103, 105 (Alaska App. 1984). It is not appropriate for consideration in a proceeding brought pursuant to Criminal Rule 35(b).

■ Mitchell's final argument is that he was deprived of an opportunity to make a stronger case under Criminal Rule 35(b) by the trial court's denial of his motion without a hearing. He relies, in part, on IV *Standards for Criminal Justice: Post-Conviction Remedies* § 4.6(a) (Approved Draft 1968) which provides in relevant part:

(a) A plenary hearing to receive evidence, by testimony or otherwise, is required whenever there are material questions of fact which must be resolved in order to determine the sufficiency of the application for relief.

(b) The applicant and counsel should be present at a plenary hearing, unless the right to be present has been expressly waived. The applicant's presence is not required at any preliminary conference held to frame the issues and expedite the hearing....[3]

---

**3.** The current ABA standard is virtually identical. *See* IV *Standards for Criminal Justice: Post*

*Conviction Remedies* § 22–4.6(a) and (b) (Approved Draft 1978).

Alaska has adopted similar rules governing procedures in applications for post-conviction relief. *See, e.g.*, Alaska R.Crim.P. 35.1(g). In fact, there is a specific rule governing *sua sponte* dismissals of such applications. Criminal Rule 35.1(f)(2) provides:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record shall not be made when a material issue of fact exists.

*See, e.g., State v. Jones*, 759 P.2d 558, 565–67 (Alaska App.1988); *Wood v. Endell*, 702 P.2d 248, 249–50 (Alaska App.1985); *Hampton v. Huston*, 653 P.2d 1058, 1060 (Alaska App.1982). The ABA standard and the Alaska criminal rule apply only to applications for post-conviction relief. They do not govern applications to modify sentences pursuant to Criminal Rule 35(a). *See Winslow v. State*, 587 P.2d 738, 739–40 (Alaska 1978); 3 C. Wright, *Federal Practice and Procedure: Criminal* § 586 at 405–06 & n. 10 (2 ed. 1982). *Cf. Tookak v. State*, 680 P.2d 509, 512 (Alaska App.1984). For the same reason, we are satisfied that these provisions do not apply to applications pursuant to Criminal Rule 35(b). Consequently, it would appear that the broad discretion accorded trial courts in establishing motion practice in criminal cases would apply. *See, e.g., Selig v. State*, 750 P.2d 834 (Alaska App.1988); *Weidner v. Superior Court*, 715 P.2d 264 (Alaska App.1986). Because Mitchell's application did not state a *prima facie* case under the standards adopted in *Ambrose*, the trial court did not abuse its discretion in failing to hold a hearing. *Fowler*, at 591–592 & n. 2.

The judgment of the superior court is AFFIRMED.