George G. BARTHOLOMEW, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2883.

Court of Appeals of Alaska.

Sept. 29, 1989.

Richard Keck, Asst. Public Defender, Fairbanks, and John Salemi, Public Defender, Anchorage, for appellant.

Virginia B. Lembo, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

George G. Bartholomew was convicted in 1985 of sexual assault in the first degree and sexual abuse of a minor in the second degree. Superior Court Judge Jay Hodges sentenced Bartholomew to a total term of eleven years with three years suspended. We affirmed the sentence the following year. See Bartholomew v. State, 720 P.2d 54 (Alaska App.1986).

In October of 1988, Bartholomew moved to modify his sentence pursuant to Alaska Criminal Rule 35(b). In support of his motion, Bartholomew sought to show that he had made exceptionally good progress toward rehabilitation. He established that he had progressed to phase 4 of the Department of Corrections' sexual offender treatment program. Phase 4 can only be implemented with inmates who are eligible for work release or community release.

Bartholomew had in fact been classified to work release status and had therefore been able to begin the fourth stage of treatment. However, Bartholomew's classification was unrelated to his need for treatment and was temporary in nature. Bartholomew alleged that he would be subject to reclassification back to confinement in the near future.

At the time of Bartholomew's hearing in January, 1989, he had approximately twenty-six months remaining before his mandatory release date. If reclassified to confinement, he would not become eligible for classification to permanent work release status until he was within eighteen months of the mandatory release date—a period of about eight months.

According to the evidence presented by Bartholomew, his reclassification to confinement would disrupt his rehabilitation, setting his progress back at least a year. Based on his exceptional progress toward rehabilitation and the risk that his progress would be disrupted, Bartholomew requested referral of his case to the three-judge

panel, so that it could impose a non-presumptive sentence. Bartholomew pointed out that, because a non-presumptive term would make him immediately eligible for discretionary parole, he would immediately become eligible for permanent classification to work release status.

The state did not controvert Bartholomew's evidence of rehabilitation. In ruling on the motion for modification, Judge Hodges accepted the evidence, concluding that Bartholomew was now an excellent candidate for rehabilitation. Judge Hodges decided, however, that modification of Bartholomew's sentence was precluded in light of this court's decision in Fowler v. State, 766 P.2d 588 (Alaska App.1988). On appeal, Bartholomew challenges this conclusion.

In our view, Judge Hodges was correct in finding Fowler to be dispositive of Bartholomew's case. In Fowler, under virtually indistinguishable circumstances, we concluded that, even if exceptionally good progress toward rehabilitation qualified as a changed circumstance for purposes of Criminal Rule 35(b), Fowler's showing that imprisonment would no longer further his rehabilitation did not suffice to demonstrate that modification was necessary to prevent the original sentencing goals from being defeated. Fowler, 766 P.2d at 591–92.

In the present case, Bartholomew has arguably made a somewhat stronger showing that his progress toward rehabilitation would be disrupted by reclassification to the general inmate population. Even so, the record falls short of supporting a conclusion that this disruption—amounting to a setback of a year or more—would prevent the goal of rehabilitation from eventually being accomplished. Under the circumstances, there is no basis for concluding that the original goal of sentencing would be defeated.

We do not minimize the significance of Bartholomew's laudable progress toward rehabilitation, and we earnestly hope that he will continue to progress in the future. Nevertheless, the fact that Bartholomew's reclassification might to some extent im-

pede his progress and require a somewhat longer period of rehabilitation than would be optimal is more properly a matter of concern for the Department of Corrections than for the sentencing court.

The superior court's decision denying Bartholomew's motion to modify his sentence is AFFIRMED.