v.

**STATE of Alaska, Appellee.**

**No. A–2666.**

Court of Appeals of Alaska.

Dec. 29, 1989.

S.B., Palmer, pro se.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

S.B. was convicted by a jury of three related offenses: sexual abuse of a minor in the first degree, an unclassified felony,

AS 11.41.434(a)(2)(B); and, two counts of sexual abuse of a minor in the second degree, class B felonies, AS 11.41.436(a)(3)(B). He appealed his conviction, and we affirmed. *See S.B. v. State,* 706 P.2d 695 (Alaska App.1985). The facts explaining S.B.'s offense and sentence are set out in our opinion and need not be repeated here. After we affirmed S.B.'s conviction, he sought post-conviction relief pursuant to Alaska Rules of Criminal Procedure 35(a), 35(b) and 35.1(a)(7). Each of these rules is derived from a separate source and must be separately addressed. *See State v. Price,* 715 P.2d 1183, 1185 (Alaska App. 1986).

◼ S.B. first argues that he has made extraordinary progress towards his rehabilitation while incarcerated and, consequently, the trial court should have taken into account this progress and referred his case to a three-judge panel in order to allow a lesser sentence. He relies on Alaska Criminal Rule 35(b). We have consistently rejected similar claims. *See Bartholomew v. State,* 779 P.2d 1253 (Alaska App.1989); *Mitchell v. State,* 767 P.2d 203 (Alaska App.1989); *Fowler v. State,* 766 P.2d 588 (Alaska App.1988). Our language in *Fowler* is particularly applicable to S.B.'s Rule 35(b) claim:

[T]he legislature did not intend to establish the trial court as a parole board to evaluate a sentenced prisoner's rehabilitation while incarcerated and to release him or her when satisfied that rehabilitation had been accomplished. Establishing a judicial parole board would conflict with the legislature's obvious intent to limit the availability of parole in cases where presumptive sentencing applies.

*Fowler,* 766 P.2d at 592.

◼ S.B. next argues that the trial court should have utilized the procedure established in Alaska Criminal Rule 53 to relax the 120-day time limit governing applications for sentence reduction pursuant to Alaska Criminal Rule 35(a). S.B.'s request came almost three years after his case was affirmed on appeal. There is nothing in the record to suggest that S.B. wished to bring a Rule 35(a) application within the 120 days permitted by the rule, or was somehow frustrated by his attorney or the court system in taking action. Under the circumstances, the trial court did not abuse its discretion in denying relaxation of the rule. *See Thomas v. State,* 566 P.2d 630, 639 (Alaska 1977).

S.B.'s final argument relies on Alaska Criminal Rule 35.1(a)(7) which provides in relevant part:

(a) Scope. Any person who has been convicted of, or sentenced for, a crime and who claims:

. . . .

(7) that there has been a significant change in law, whether substantive or procedural, applied in the process leading to applicant's conviction or sentence, when sufficient reasons exist to allow retroactive application of the changed legal standards; may institute a proceeding under this rule to secure relief.

S.B. argues that our decision in *Smith v. State,* 711 P.2d 5u1 (Alaska App.1985), constitutes a substantial change in the law occurring subsequent to his sentencing which should have been applied at his sentencing in order to accomplish substantial justice. In *Smith,* we recognized extraordinary potential for rehabilitation as a nonstatutory mitigating factor permitting referral to a three-judge panel to avoid manifest injustice. The trial court held that retroactive application of *Smith* was improper. On appeal, the state confesses error and concedes that *Smith* is retroactive "as that word is ordinarily used."

◼ Under *Smith,* a trial court may recommend to a three-judge panel new mitigating factors not expressly set out in the statute which are, nevertheless, compatible with the mitigating factors which are present in the statute. In *Smith,* the trial court recommended one such mitigating factor: that a first offender possessed unusual or extraordinary potential for rehabilitation which would be adversely affected if the presumptive sentence were imposed. *Smith,* 711 P.2d at 570. The state argues that this mitigating factor should

not apply to a request to refer a case to the three-judge panel for the first time where the request is part of a motion to reduce sentence and where the proposed basis for the referral was an extraordinary potential for rehabilitation not manifested until incarceration. We agree.

 The *Smith* rule looks to the state of the record at the time sentence is imposed. To permit subsequent requests for referral based upon performance in a prison, would undermine the legislature's obvious intent to limit the availability of parole in cases where presumptive sentencing applies. *Fowler*, 766 P.2d at 592. On the other hand, we see no reason why sentenced prisoners should not be able to avail themselves of the relief provided in *Smith* if they can make a *prima facie* case for referral based upon the original sentencing record. If a case is properly referred on this basis, it would also be appropriate for the three-judge panel to consider a defendant's performance in prison in evaluating the significance of the defendant's potential for rehabilitation at the time of initial sentencing. We stress, however, that the three-judge panel should not simply act as a parole board, basing its determination entirely upon a defendant's performance in prison. To do so would violate clear legislative intent.

The trial court in this case was convinced that *Smith* could not be retroactively applied. We have concluded, based in part on the state's concession of error, that *Smith* should be retroactively applied. Under the circumstances, we remand this case to the trial court to permit S.B. to show, if he can, that the record at the time of his original sentencing established such clear potential for rehabilitation, that manifest injustice would occur if his case was not referred to the three-judge panel.

The judgment of the superior court is set aside and this case is REMANDED for further proceedings consistent with this opinion.