**William J. COOK, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3192.**

Court of Appeals of Alaska.

June 8, 1990.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

William J. Cook was convicted by a jury of three counts of sexual abuse of a minor in the first degree, an unclassified felony, in violation of AS 11.41.434(a)(2)(B). Cook received presumptive eight-year terms for each offense. The sentences were imposed partly concurrent and partly consecutive so that Cook received a composite sentence of twelve years to serve. The judgment and sentence were effective on May 28, 1986. Cook appealed his conviction and we affirmed. *Cook v. State*, Memorandum Opinion and Judgment No. 1384 (Alaska App., April 22, 1987). On June 12, 1989, Cook filed a motion with the superior court seeking relaxation of the 120–day time limitation so that he could bring a motion to reduce his sentence pursuant to former Alaska Rule of Criminal Procedure 35(a).[1] Cook asked that the court impose an entirely concurrent sentence so that he would serve eight rather than twelve years. He relied on Alaska Rule of Criminal Procedure 53.[2]

A party seeking relief under Criminal Rule 53 must show manifest injustice. Cook argued that failure to consider new evidence of his potential for rehabilitation not available at the time of sentencing will result in manifest injustice. He pointed out that Judge Blair, the sentencing judge, relied heavily on the fact that Cook had not

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

1. Former Alaska Rule of Criminal Procedure 35(a) (amended effective January 15, 1990) provided:

   (a) **Correction or Reduction of Sentence.** The court may correct an illegal sentence at any time. The court may reduce a sentence within 120 days after sentence is imposed, or within 120 days after the effective date of the judgment or receipt by the court of either a mandate issued upon affirmance of the judgment or an order of dismissal of the appeal, or within 120 days after receipt of an order of the supreme court of the state or of the United States denying application for relief. The court shall retain jurisdiction under this paragraph notwithstanding the pendency of an appeal. If such a motion is filed during the pendency of a sentence appeal, the proceedings on that sentence appeal shall be automatically stayed upon the filing of a copy of the motion with the court in which the sentence appeal is pending. The stay shall remain in effect until the motion is decided. A motion made under this paragraph must be made in the original criminal case.

2. Alaska Rule of Criminal Procedure 53 provides:

   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

admitted his offense and had not expressed a desire to have treatment that would address his sexual problems. He therefore concluded that Cook's potential for rehabilitation was poor.[3]

In support of his motion to relax the time limits imposed by Criminal Rule 35(a), Cook argued that it had taken time for him to come to grips with his offense and to accept treatment. Thus, he reasons it would have been virtually impossible for him to bring this motion within 120 days of the time of sentencing. The memorandum in support of his motion included the following:

> If Mr. Cook were limited to the four-month cutoff, he would never be able to present the court with realistically reliable information as to his changed outlook and his current potential for rehabilitation. As is indicated in his motion to allow for concurrent sentences, Mr. Cook has now completed all phases of the institutional sex offender program and has the support of his counselors. Only with this information, unavailable four months after his sentencing, can Mr. Cook present the court with objective information as to the change in his rehabilitative potential. Justice warrants relaxation of the 120–day time limits in Mr. Cook's case.

In support of his application for relief under Criminal Rule 35(a), Cook submitted a motion for concurrent sentences supported by numerous testimonials from correctional personnel attesting to his rehabilitation.

Cook also argues that relaxation of the time limits governing Criminal Rule 35(a) is the only way that an incarcerated person could bring his institutional success to the attention of the trial court in support of a reduced sentence. He relies on cases of this court holding that Alaska Rule of Criminal Procedure 35(b) could not be used for this purpose. *See Mitchell v. State*, 767 P.2d 203, 206 (Alaska App.1989); *Fowler v. State*, 766 P.2d 588, 591–92 (Alaska App.1988). In denying the motion, Judge Hodges said:

> I don't find, under the circumstances of this case, it's the type of manifest injustice that would require relaxation of the rule. The court finds that certainly Mr. Cook has gone through rehabilitation —has, now, apparently, admitted his offense, which he did not do at the outset. I don't find that the original sentencing imposed by the court is not being effectuated, and I don't find that, under the circumstances of this case, it is the type of manifest injustice that would require relaxation of the rule. Therefore, the request to relax the rule is denied.

Cook appeals the denial of his motion.

■■■ Cook concedes that he did not attempt to bring a motion pursuant to the rule within the 120–day time period, nor does he contend that he was prevented by his attorney from bringing such a motion.[4] He essentially repeats the arguments made in the trial court—that he was not on notice that he could not seek a review in the trial court of his institutional progress pursuant to Criminal Rule 35(b) until we decided *Fowler* and *Mitchell*, in late 1988 and early 1989, respectively. Cook also contends that he had just begun the sex-offender treatment program in June 1987 and did not complete the last phase of the institutional program until April 1989. Consequently, he concludes he did not have available to him a record that would have supported his motion in August of 1987, 120

---

**3.** The trial court also relied on our decision in *State v. Andrews*, 707 P.2d 900, 910 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986) for the proposition that "[a] person who commits ten sexual assaults should, consistent with the guidelines established in AS 12.55.005, receive a more severe sentence than a person convicted of a single incident, but he should not be punished ten times as severely." The sentencing judge was also concerned that, "[t]he defendant's version of how he got into this situation is just so incredible it simply boggles the mind."

**4.** Where the defendant has attempted to bring a motion within the 120–day period but negligently calculated the time, it may be an abuse of discretion to refuse to relax the time limit. *Wheeles v. State*, 566 P.2d 1013, 1015–16 (Alaska 1977). If defense counsel refused to bring the motion or discouraged the defendant from bringing the motion, the trial court might consider relaxing the time limits as well.

days after we affirmed his conviction. He therefore argues that the trial court abused its discretion in refusing to relax the rules. He notes that the time limitations in Criminal Rule 35(a) are subject to the trial court's power to relax the rules in the interest of justice pursuant to Criminal Rule 53. *See Davis v. State,* 612 P.2d 49, 50 (Alaska 1980); *Wheeles,* 566 P.2d at 1015–16; *Thomas v. State,* 566 P.2d 630, 638–39 (Alaska 1977).

The state argues that the decision in this case is controlled by *S.B. v. State,* 785 P.2d 900 (Alaska App.1989). We agree. In *S.B.,* we said:

> S.B. next argues that the trial court should have utilized the procedure established in Alaska Criminal Rule 53 to relax the 120–day time limit governing applications for sentence reduction pursuant to Alaska Criminal Rule 35(a). S.B.'s request came almost three years after his case was affirmed on appeal. There is nothing in the record to suggest that S.B. wished to bring a Rule 35(a) application within the 120 days permitted by the rule, or was somehow frustrated by his attorney or the court system in taking action. Under the circumstances, the trial court did not abuse its discretion in denying relaxation of the rule. *See Thomas v. State,* 566 P.2d 630, 639 (Alaska 1977).

*S.B.,* 785 P.2d at 901.

Cook's argument is essentially one we have rejected a number of times—that it is manifestly unjust not to permit the trial court to serve as a parole board *in lieu* of the parole board abolished by the legislature, to review a presumptively sentenced inmate's institutional progress and release him or her from the burdens of a presump-tive sentence when he or she has established a successful rehabilitation. As we noted in *State v. Ambrose,* 758 P.2d 639, 642 n. 3 (Alaska App.1988), Criminal Rule 35(a) permits the trial court to exercise mercy; it can reduce a sentence on any basis that would have been available at the original sentencing, but this broad authority is tempered by the requirement that the motion be brought within the 120–day time limit, a relatively short time. We viewed the time limitation "as a necessary concomitant of the court's broad authority under [Criminal Rule 35](a)." *Id.* Like Criminal Rule 35(b), Criminal Rule 35(a) is not intended to establish a judicial parole board which is available to a sentenced person during the entire duration of his or her incarceration.[5]

The judgment of the superior court is AFFIRMED.

---

5. If Cook is arguing that he failed to avail himself of Criminal Rule 35(a) because he reasonably and detrimentally relied on the assumption that Criminal Rule 35(b) would be available to bring his institutional progress to the attention of the trial court as a means to a reduced sentence and that this factor establishes that the trial court abused its discretion when it declined to waive the time limits established in Criminal Rule 35(a), we are unpersuaded. First, Cook has conceded that he could not have made a persuasive case if he had brought a timely motion under the rule because he could not have shown institutional rehabilitation within 120 days. Second, we do not believe that Criminal Rule 35(b) could reasonably be interpreted to establish a judicial parole board when due regard is given to its derivation from a statute whose legislative history establishes that it was not intended for that purpose. Our interpretation of Criminal Rule 35(b) is not the kind of unforeseeable change in the law of sentencing which would warrant post-conviction relief. *See* Criminal Rule 35.1(a)(7) (dealing with changes in the law relevant to conviction or sentencing).