Howard AMIDON and Carol Sue
Menard, Appellants,

v.

STATE of Alaska, Appellee.

No. 3664.

Supreme Court of Alaska.

Dec. 21, 1979.

Edgar Paul Boyko, Anchorage, for appellants.

Peter A. Michalski, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

BURKE, Justice.

After a trial by jury, Carol Sue Menard was convicted of embezzlement by a bailee [1] and Howard Amidon was convicted of aiding and abetting Menard.[2] Judge Victor D. Carlson sentenced each of them to a prison term of three years. Amidon and Menard appealed their convictions and sentences to this court. In *Amidon v. State*, 565 P.2d 1248 (Alaska 1977), we affirmed the convictions but vacated the sentences as excessive. *Id.* at 1263. We remanded for resentencing, stating that any term of imprisonment should not exceed one year. *Id.*

At resentencing, attorney Edgar Paul Boyko represented Menard and Amidon.[3] In keeping with the superior court's usual practice, the case was reassigned to the original sentencing judge, Judge Carlson. On August 11, 1977, Mr. Boyko moved pursuant to AS 22.20.020 to disqualify Judge Carlson for cause.[4] Mr. Boyko's grounds were that his public criticism of Judge Carlson in the past and Judge Carlson's own action in referring Mr. Boyko to the Alaska Bar Association for disciplinary proceedings

1. AS 11.20.290(a) provides:
   A bailee, with or without hire, who embezzles, or wrongfully converts to his own use, or who secretes, with intent to convert to his own use, or who fails neglects, or refuses to deliver, keep, or account for, according to the nature of his trust, money or property of another delivered or entrusted to his care or control which may be the subject of larceny is guilty of embezzlement and is punishable as provided in § 280 of this chapter.

2. AS 12.15.010 abolishes the discretion between accessories and principals:
   The distinction between an accessory before the fact and a principal, and between principals in the first and second degree is abrogated; and all persons concerned in the commission of a crime, whether they directly commit the act constituting the crime or, though not present, aid and abet in its commission, shall be prosecuted, tried, and punished as principals.

3. The appellants had retained Edgar Paul Boyko as their attorney on their first appeal. At trial, they had been represented by other counsel.

4. AS 22.20.020 provides:
   *Disqualification of judicial officer for cause.*
   (a) A judicial officer may not act as such in a court of which he is a member in an action in which
      (1) he is a party or is directly interested;
      (2) he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision;
      (3) he is a material witness;
      (4) he is related to either party by consanguinity or affinity within the third degree;
      (5) either party has retained him as their attorney or has been professionally counseled by him in any matter within two years preceding the filing of the action;
      (6) the judicial officer feels that, for any reason, he cannot give a fair and impartial decision.
   (b) In an action specified in (a)(4) and (5) of this section the disqualification may be waived by the parties and is waived unless a party raises the objection.
   (c) If a judicial officer disqualifies himself or consents to disqualification, the presiding judge of the district shall immediately transfer the action to another judge of that district to which the objections of the parties do not apply or are least applicable and if there is no such judge, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. If a judicial officer denies his disqualification the question shall be heard and determined by another judge assigned for the purpose by the presiding judge of the next higher level of courts or, if none, by the other members of the supreme court. The hearing may be ex parte and without notice to the parties or judge.

would affect Judge Carlson's ability to decide fairly any case in which Mr. Boyko appeared as an attorney.

Judge Carlson heard the motion and found that he was not prejudiced either for or against appellants or their counsel. He therefore refused to disqualify himself. He then referred the request to the presiding judge of the Fourth Judicial District, Judge Gerald J. Van Hoomissen. Believing that he, as presiding judge, had authority to hear the matter, Judge Van Hoomissen proceeded to do so and denied the motion to disqualify Judge Carlson. He based his decision upon a finding that Judge Carlson would not be prejudiced and upon considerations of judicial economy. Judge Carlson later sentenced appellants to sentences of one year, with six months suspended, and three-years probation. This appeal followed.

■ AS 22.20.020(c) provides in part that, when a "judicial officer denies his disqualification the question shall be heard and determined by another judge assigned for the purpose by the presiding judge of the next higher level of courts . . . ." Thus, technically, there was a failure to comply with AS 22.20.020(c), since Judge Van Hoomissen acted on appellants' motion without benefit of an order from the chief justice appointing him to hear the matter. Appellants, however, failed to make a specific and timely objection to the motion being heard by Judge Van Hoomissen. Failure to object to an error during the proceedings is deemed to be a waiver of the error. Requiring specific errors to be drawn to the court's attention in time for their correction avoids the expense and inconvenience of a new proceeding. In addition, requiring specific timely objections avoids the temptation to save defenses for the purpose of obtaining a new trial on

appeal. *See Moreau v. State*, 588 P.2d 275, 280 (Alaska 1978); *Dimmick v. State*, 449 P.2d 774, 776 (Alaska 1969). We therefore do not consider the procedural error that occurred in the assignment of this case. On the merits, we hold that Judge Carlson was not required to disqualify himself.

■ The right to an impartial tribunal is embodied in AS 22.20.020.[5] Appellants' motion to disqualify Judge Carlson was made under subsection (a)(6) thereof, which provides: "A judicial officer may not act as such in a court of which he is a member in an action in which . . . the judicial officer feels that, for any reason, he cannot give a fair and impartial decision."[6] Since the initial determination has been placed in the discretion of the trial judge, his decision should be given substantial weight. When the judge does not recuse himself, the decision should be reviewable on appeal only if it amounted to an abuse of discretion. *United States v. Haldeman*, 181 U.S.App. D.C. 254, 362, 559 F.2d 31, 139 (D.C. Cir. 1976). Cases can be imagined in which the refusal of the judge to disqualify himself would be patently unreasonable in light of the objective facts. A showing of actual bias in the decision rendered (e. g., in the sentences imposed) or the appearance of partiality might be sufficient grounds for us to reverse in an appropriate case. Where only the appearance of partiality is involved, however, we will require a greater showing for reversal. In any event, we will not overturn a judge's decision unless it is plain that a fair-minded person could not rationally come to that conclusion on the basis of the known facts. It should be kept in mind that a judge has as great an obligation not to disqualify himself, when there is no occasion to do so, as he has to do so in the presence of valid reasons. *In Re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir.),

---

**5.** *See Keel v. State*, 552 P.2d 155, 156 (Alaska 1976); *Nelson v. Fitzgerald*, 403 P.2d 677, 679 (Alaska 1965).

**6.** Subsections (1)–(5) of AS 22.20.020(a), set forth in note 4 *supra*, involve the application of objective measures of cause for disqualification, such as personal involvement in a case as a party or witness, or a family or professional relationship with a party or his attorney. These objective grounds for disqualification contrast sharply with the subjective ground established in subsection (6): "the judicial officer feels that, for any reason, he cannot give a fair and impartial decision." AS 22.20.-020(a)(6).

cert. denied, 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961); *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968).

The judicial officer, in making his determination to disqualify himself, is required by the Code of Judicial Conduct to give weight to the appearance of impartiality. Canon 3(C)(1) provides: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned." AS 22.20.020(a)(6), which governs disqualifications, does not provide for disqualification where the sole concern is maintenance of the appearance of impartiality. We believe that, in light of the importance of promoting "public confidence in the integrity and impartiality of the judiciary," (Cannon 2(A), Code of Judicial Conduct) it would be well to permit disqualification under such circumstances, and we respectfully recommend it to the legislature. For example, 28 U.S.C. § 455(a) provides: "Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." We believe this is a sound approach.

Turning to the facts in the present case, we are not convinced Judge Carlson abused his discretion in refusing to disqualify himself. A complete review of the record and the sentence imposed gives no indication of any actual bias or prejudice on the part of Judge Carlson against the clients of Mr. Boyko. Their one year sentences, with six months to serve and six months suspended, are well within the sentencing limit mandated in *Amidon v. State*, 565 P.2d at 1263. Thus, we affirm the sentences.[7]

---

7. Appellants also contend that the sentences on remand were excessive and that they were not the result of a reasoned application of the sentencing objectives approved by this court. We find these arguments to be without merit; however, we caution judges that the practice of "readopting" previous sentencing remarks at resentencing is inadvisable. Due care must be taken to demonstrate a thorough and thoughtful sentencing decision. *Andrews v. State*, 552 P.2d 150, 153 (Alaska 1976); *Perrin v. State*, 543 P.2d 413, 418 (Alaska 1975); *State v. Chaney*, 477 P.2d 441 (Alaska 1970).