Charles TOOKAK, Appellant,

v.

STATE of Alaska, Appellee.

No. 7510.

Court of Appeals of Alaska.

May 4, 1984.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Kristen Young, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

This is a sentence appeal after a remand. *See Tookak v. State,* 648 P.2d 1018 (Alaska App.1982). Tookak raises three issues. First, he contends that the trial court failed to comply with the mandate issued by this court vacating his original sentence. Second, he contends that the trial court violated his constitutional right to be present during his resentencing. Finally, he contends the sentence imposed was excessive. We affirm.

On January 6, 1979, Charles Tookak was convicted of kidnapping, rape, assault with intent to commit rape and joyriding. These convictions were based on a single criminal episode which is described in detail in this court's opinion in *Tookak v. State,* 648 P.2d 1018. Tookak was originally sentenced to consecutive terms of twenty years for kidnapping, twenty years for rape and one year for joyriding, along with a concurrent fifteen-year term for assault with intent to commit rape. The total sentence was thus forty-one years to serve. On appeal, we affirmed Tookak's conviction, but reversed his sentence. We held that the conviction for assault with intent to commit rape was a lesser-included offense of rape. Consequently, Tookak could not be sentenced for both crimes without violating the double jeopardy clauses of the federal and state constitutions. 648 P.2d at 1022–23.

We separately considered Tookak's claim that his sentence was excessive. We upheld the trial court's conclusion that Tookak was a worst offender, taking into account his extensive criminal background, as well as his age, employment history and previous antisocial behavior. We held that a long sentence was necessary to isolate Tookak and to protect the community. 648 P.2d at 1023. Even though Tookak was properly characterized as a worst offender, we concluded:

[A] total sentence of forty-one years cannot be sustained in light of *Hintz v. State,* 627 P.2d 207 (Alaska 1981); *see Helmer v. State,* 616 P.2d 884 (Alaska 1980). While Tookak's record is worse than Hintz's, Hintz's crime was more serious and on balance we do not believe Tookak's total sentence should exceed the thirty years to which Hintz's sentence was reduced.

*Id.* at 1023–24 (footnote omitted).

Following remand, Tookak filed a motion requesting both a resentencing date and that he be transported back to Alaska from Kansas, where he was incarcerated, so that he could participate in the proceeding. The superior court summarily denied both requests. Tookak was sentenced to a total term of thirty years to serve, which Judge Hodges believed represented the maximum sentence that could be imposed in conformity with the mandate in our opinion. The sentence consists of consecutive fifteen-year terms for rape and kidnapping and a concurrent one-year term for joyriding. This appeal followed.

Tookak argues that our mandate unambiguously required a "resentencing" and that the trial court had no discretion to deviate from that mandate. *See Preston v. State,* 634 P.2d 550, 552 (Alaska 1981). A resentencing, as Tookak envisions it, would be a completely new sentencing hearing at which both parties could put on evidence; Tookak could make allocution and the parties would argue their respective positions. Such a hearing would entitle Tookak to present evidence relevant to the *Chaney* criteria, including evidence of his rehabilitation, by showing his activities during the period between his original conviction and the resentencing hearing. *See State v. Chaney,* 477 P.2d 441 (Alaska 1970).

The state argues that our mandate unambiguously directed the trial court to reduce Tookak's forty-one year sentence to a sentence of thirty years. No further sentencing proceedings were required. If Tookak believes his "rehabilitation" while in prison merits a sentence reduction, the

state asserts he should bring a Criminal Rule 35(a) proceeding.

■ In deciding *Tookak*, we directed the trial court to resentence Tookak in a manner consistent with our opinion. The mandate does not unambiguously resolve the conflict presented by this appeal. We recognize that the mandate should have been more carefully drawn. The trial court necessarily had to interpret the mandate to determine precisely what we had required it to do. Generally, in such a situation, the trial court should recognize that counsel's views might be helpful and provide them an opportunity to be heard. In light of our interpretation of the mandate, however, we do not believe any prejudicial error resulted from the way Judge Hodges handled the matter.

■ Essentially, the trial court's obligations on remand after a sentence has been disapproved will depend upon the basis for the disapproval. A defendant has a number of very important procedural rights at his initial sentencing. These rights have been summarized as follows:

> [The procedural safeguards at sentencing include:] the right of the defendant to be present ...; the right to assistance of counsel, including counsel's right to speak on behalf of the defendant; and the defendant's right to make a statement on his own behalf and to present any information in mitigation of punishment. The defendant's right to speak allows him to present mitigating evidence and, to a limited extent, to challenge damaging evidence. In addition, it may be advantageous to the defendant if the judge faces him while meting out punishment. The right to counsel may be important in helping the defendant to utilize effectively the above rights, as well as in advising him of additional steps to take or objections to make during sentencing.

Comment: *Due Process at Sentencing: Implementing the Rule of United States v. Tucker*, 125 U.Pa.L.Rev. 1111, 1128–29 (1977) (footnotes omitted).

■ Where a sentence is vacated because the defendant did not receive a full and fair sentencing hearing, either because he was deprived of one of the rights set out above or because the trial court refused to consider material evidence or erroneously considered immaterial or unlawful evidence, then the defendant should receive a full resentencing hearing as if the earlier sentencing proceeding had not taken place. In contrast, where the defendant received a full and fair sentencing hearing during which he was able to put on all of his evidence, make allocution, and argue his case, and where the trial court did not consider any immaterial or illegal evidence, no new hearing is required even though this court disagreed with the ultimate sentence imposed and required a lesser sentence on remand. Of course the trial court has discretion in this situation to grant a hearing upon application. This may be desirable where an application is made showing a material change in circumstances since the original sentence was imposed. In this way, the trial court may alleviate the need for a proceeding pursuant to Criminal Rule 35(a). However, the trial court is not required to do more than simply reconsider the sentence.

■ In deciding *Tookak*, we found no deficiencies in the sentencing hearing or in the evidence presented. We simply concluded that the Alaska Supreme Court, in *Hintz v. State*, 627 P.2d 207 (Alaska 1981), had judicially imposed a maximum sentence for those convicted of rape and kidnapping under similar circumstances. We therefore remanded the case to Judge Hodges to perform the essentially ministerial act of reducing the forty-one-year sentence previously imposed to a sentence of thirty years. Whether he should go beyond the minimum requirement of our mandate was a matter committed to Judge Hodges' discretion. He elected to exercise his discretion to deny a sentencing hearing and nothing in the record persuades us that he abused his discretion.

Neither *Amidon v. State*, 604 P.2d 575 (Alaska 1979), nor *Padie v. State*, 594 P.2d

50 (Alaska 1979), require a contrary result. In *Padie,* the defendant killed his victim during what was ultimately determined to be a manslaughter and successfully avoided prosecution for nine years. The trial court imposed a fifteen-year sentence, expressly concluding that the defendant's activities during the intervening years were irrelevant, and that sentence should be imposed as if he had been prosecuted and convicted within a year of the homicide. The supreme court found this to be an abuse of discretion. The court said:

> By sentencing Padie as though his conviction had been obtained within one year of the commission of the crime, the court substantially ignored Padie's subsequent history of steady employment, his meritorious service in the army, and his lack of involvement in any criminal activity other than a few traffic offenses in the twelve years since the commission of the crime. While concealment of a crime is a legitimate consideration in sentencing it should not preclude consideration of a defendant's rehabilitation subsequent to the time the crime was committed.

594 P.2d at 63 (footnote omitted).

In *Amidon,* the supreme court considered a challenge to a resentencing after an earlier sentence had been vacated. The court said:

> Appellants also contend that the sentences on remand were excessive and that they were not the result of a reasoned application of sentencing objectives approved by this court. We find these arguments to be without merit; however, we caution judges that the practice of "readopting" previous sentencing remarks at resentencing is inadvisable. Due care must be taken to demonstrate a thorough and thoughtful sentencing decision. *Andrews v. State,* 552 P.2d 150, 153 (Alaska 1976); *Perrin v. State,* 543 P.2d 413, 418 (Alaska 1975); *State v. Chaney,* 477 P.2d 441 (Alaska 1970).

604 P.2d at 578 n. 7.

Neither *Padie* nor the case cited in *Amidon* involved resentencing. In *Amidon,* the trial court exercised its discretion in favor of holding a resentencing at which the parties were present and arguments were made. Under those circumstances, the parties could legitimately expect some judicial response to the positions they took at the resentencing. It is instructive, however, that the supreme court did not reverse or modify the ultimate sentence in *Amidon* where it appears the trial court merely readopted its previous remarks.

■ Tookak argues that the trial court erred in not considering his progress in the institution at "resentencing." We find no abuse of discretion. Tookak may apply to the superior court pursuant to Criminal Rule 35(a) for a reduction in sentence if he feels that his institutional conduct warrants such a reduction. *See, e.g., Davis v. State,* 566 P.2d 640, 643 (Alaska 1977) (under Rule 35(a) the trial court may consider whether a person has been rehabilitated since the original sentence was imposed). We express no opinion as to whether a hearing would be required if Tookak sought relief under Criminal Rule 35(a). *See* 3 C. Wright, *Federal Practice and Procedure: Criminal* § 586, at 405–06 n. 10 (2d ed. 1982).

■ Tookak argues that because his kidnapping and rape convictions both involved an intent to sexually assault his victim, consecutive sentences for these crimes are barred by *Lacquement v. State,* 644 P.2d 856, 859 (Alaska App.1982), in which this court stated that consecutive sentences are not appropriate unless each crime involves a separate culpable act and a separate intent. Lacquement was convicted and sentenced under the revised criminal code. *Cf. Barry v. State,* 675 P.2d 1292, 1297 (Alaska App.1984) (interpreting the revised criminal code to permit simultaneous convictions for unclassified felony kidnapping and sexual assault). Tookak, in contrast, was convicted under former law, which the supreme court has consistently held allows separate sentences for kidnapping and rape, even though the kidnapping was for the purpose of facilitating the rape. *See, e.g., Hintz v. State,* 627 P.2d 207, 211 (Alaska 1981);

*State v. Occhipinti,* 562 P.2d 348, 351 (Alaska 1977); *Williams v. State,* 652 P.2d 478, 481 (Alaska App.1982).

Finally, Tookak argues that his sentence was excessive, or, at least, inappropriate because the trial court did not adequately explain the sentence in light of the *Chaney* criteria. We find no error. In initially imposing Tookak's sentence, the trial court fully considered Tookak's background and circumstances and the nature of his crime in light of the *Chaney* criteria. We found no error in that consideration. Essentially, we concluded that this case was so similar to *Hintz* that the supreme court had judicially established a maximum sentence of thirty years for kidnapping and rape under these circumstances. On remand, Judge Hodges' obligation was simply to reduce Tookak's sentence to conform to that maximum. Since he adequately considered the *Chaney* criteria in imposing a forty-one year sentence, it follows that his prior consideration would cover a sentence of thirty years.

The sentence of the superior court is AFFIRMED.