**Sophia JACKO, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–347.**

Court of Appeals of Alaska.

Oct. 12, 1984.

Donald W. McClintock, Baily & Mason, Anchorage, for appellant.

Gail Roy Fraties, Asst. Dist. Atty., and Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Sophia Jacko was convicted, based upon her plea of no contest, of two counts of assault in the second degree, AS 11.41.-210(a)(2).[1] Judge Victor D. Carlson sentenced Jacko to two five year concurrent sentences. Jacko appeals these sentences to this court, arguing that they are excessive. We reverse.

On April 17, 1983, Sophia Jacko was driving on International Airport Road in Anchorage. She ran a red light at the intersection of International Airport Road and Minnesota, crashing into a 1973 Ford truck. Witnesses estimated Jacko's speed at seventy miles per hour. A passenger in the Ford truck, Joyce Skeels, and a passenger in Jacko's car, Tricia DeBoar, were seriously injured in the accident. Jacko also received extensive injuries. A blood alcohol test conducted on Jacko at the hospital after the accident indicated that she was intoxicated. Her blood alcohol level was .19%. At the time of the accident Jacko was twenty years old and had no prior record.

Assault in the second degree is a class B felony. The maximum sentence for class B felony is ten years and the presumptive sentence for a second felony offender is four years. Jacko contends that she should not have been sentenced to a sentence in excess of four years. She relies on *Austin v. State*, 627 P.2d 657 (Alaska App.1981), where we stated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." *Id.* at 657–58.

In deciding that the case was exceptional, Judge Carlson emphasized an incident where Jacko had been stopped by the police approximately one month after the accident. Jacko was ticketed for having an open beer bottle in her car and had apparently been drinking while driving. There is no allegation that Jacko was intoxicated.

■ We have reviewed the record and conclude that there are factors which support the conclusion that Jacko's case is serious in spite of the fact that she has no prior record. The incident which Judge Carlson emphasized does tend to raise questions about Jacko's prospects for rehabilitation. Jacko's offense also seems particularly serious because she injured two people other than herself and the injuries to one of her victims, Joyce Skeels, were particularly severe. However, we conclude that these factors do not combine to justify classifying Jacko's case as exceptional, although they do justify the trial judge in imposing a sentence at the top of the range for first felony offenders. We accordingly find that the concurrent sentences of five years are clearly mistaken and order the superior court to impose sentences not exceeding four years.[2]

REVERSED and REMANDED.

1. AS 11.41.210 provides:
*Assault in the second degree.* (a) A person commits the crime of assault in the second degree if
(1) with intent to cause physical injury to another person, that person causes physical injury to another person by means of a dangerous instrument; or

(2) that person recklessly causes serious physical injury to another person.
(b) Assault in the second degree is a class B felony.

2. The trial judge is not required to hold a new sentencing hearing to reimpose sentence. *See Tookak v. State,* 680 P.2d 509 (Alaska App.1984).