**Mark Kerby THOMAS and Francis Ann Thomas, Petitioners,**

v.

**The Honorable Clifford E. HOPPER, Presiding District Judge of Judicial District No. 14, Tulsa County, State of Oklahoma, Respondent.**

No. 0–89–179.

Court of Criminal Appeals of Oklahoma.

March 10, 1989.

## ORDER GRANTING WRIT OF MANDAMUS

Petitioners seek relief from this Court requiring the Honorable Respondent to disqualify himself as trial judge in the matter of the *State of Oklahoma vs. Mark Kirby Thomas and Francis Ann Thomas*, Case No. CF–88–4291 in the District Court of Tulsa County. The history of the Tulsa County case reveals that on October 24, 1988, a preliminary examination commenced and on December 16, 1988, the magistrate sustained a Motion to Suppress Evidence and dismissed the Information. Whereupon that same date, the State of Oklahoma gave notice that it was seeking an appeal from the Magistrate's order pursuant to Section 1089 *et seq.* of Title 22 of the Oklahoma Statutes. On December 20, 1988, the State filed a written application to appeal the adverse ruling or order of the Magistrate and the Honorable Respondent, as Chief Judge, assigned the case to himself for "review". On December 28, 1988, the parties appeared before the Honorable Respondent and the Petitioners herein ob-

jected to his sitting as the "review" judge. Because 22 O.S.1981, § 1089.2(C) directs that the Chief Judge shall "assign the application to another district judge or associate district judge ..." The Honorable Respondent rejected the objection and at the conclusion of this hearing overturned the decision of the Magistrate. The Honorable Respondent then remanded the cause back to the Magistrate for further proceedings. Whereupon on December 30, 1988, the Magistrate bound the Petitioners over for trial on February 27, 1989. The cause then appeared upon the Honorable Respondent's trial docket and on February 21, 1989, the Petitioners filed a motion for the Honorable Respondent to recuse in this matter. The Motion for Recusal was passed to March 7, 1989 and upon that date the Honorable Respondent declined to recuse.

■ The Petitioners complain that the Honorable Respondent erred when he assumed jurisdiction of the review of the Magistrate's order while he was Chief Judge and did not assign the application to *another* District Judge or Associate District Judge as mandated in 22 O.S.1981, § 1089.2(C). Petitioners point out that § 1089 was passed by the legislature to provide a statutory procedure similar to the procedure created by Rule 6 of this Court and that Rule 6 stated that the Presiding Judge *may* assign the application to another District Judge or Associate District Judge. They therefore conclude that the Honorable Respondent should have assigned the review or appeal to another Judge other than himself. However, we find that the word "another" contained in the statute refers to the original Magistrate and that the statute requires the Presiding Judge to assign the appeal to a Judge other than said Magistrate but does not preclude the Presiding Judge from hearing the appeal himself.

Petitioners extend their argument on misassignment by the Presiding Judge to claim that since the appeal was invalid under their contention that it was heard by a Judge who is ineligible to hear the matter a valid appeal was not completed within the twenty (20) day statutory limit as required

by § 1089 *et seq.* Since this Court does not adopt Petitioners theory that it was improper not to assign the matter to another Judge and since the material submitted to this Court indicates that the Magistrate's order was issued on December 16 and the appeal was completed on December 28, well within the twenty (20) day limit, the contention is not valid.

■ The Petitioners also contend that the Honorable Respondent erred when he failed to recuse himself upon their motion. We find this contention to be valid. On January 25, 1989, this Court issued an Order Declining Jurisdiction over another petition wherein these same Petitioners requested that we issue Mandamus or a Writ of Prohibition prohibiting the District Court of Tulsa County from continuing proceedings in this same cause while they appealed the ruling of the appeal reversing the Magistrate's ruling on the Motion to Suppress. In our order on the prior petition, we stated:

> "all of the proceedings to this date have been preliminary matters in the Magistrate's Court. Even the State's statutory appeal was an extension of Magistrate's jurisdiction."

By so holding we in effect found that the Judge who heard the appeal from the Magistrate's Court was in effect functioning within the framework of a Magistrate's jurisdiction. 22 O.S.1981, § 576 provides:

> "The Judge who conducts the preliminary examination shall not try the case except with permission of the parties."

We now hold that § 576 not only applies to the Magistrate who first held the preliminary examination, but also applies to a Judge who hears any state appeals as authorized by § 1089, and therefore, the appeals Judge would be precluded from conducting the trial unless all parties agreed. It is obvious from the proceedings in the trial court and from the Petition filed with this Court that the Petitioner's have not agreed that the Honorable Respondent may try the case.

BE IT THEREFORE AND IT IS HEREBY ORDERED that the Writ of Mandamus requested by the Petitioners be GRANTED and that the Honorable Respondent is hereby precluded from conducting the trial in Tulsa County, Case Number CF–88–4291, *The State of Oklahoma v. Mark Kirby Thomas and Francis Ann Thomas.*

IT IS THE FURTHER ORDER OF THIS COURT that the trial in the above matter be assigned to another District Judge or Associate District Judge who has proper jurisdiction to try said matter.

IT IS SO ORDERED.

BRETT, P.J., and LANE and LUMPKIN, JJ., concur.