**Frank FEICHTINGER, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. A–3002.**

Court of Appeals of Alaska.

Sept. 1, 1989.

Edgar Paul Boyko and Robert L. Breckberg, Boyko, Breeze & Flansburg, Anchorage, for petitioner.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for respondent.

Before SINGLETON, HODGES,* STEINKRUGER,* JJ.

## OPINION

SINGLETON, Judge.

Frank Feichtinger is accused of twenty-three counts of official misconduct, a class A misdemeanor, in violation of AS 11.56.-850(a)(1). Feichtinger is accused of engaging in sadomasochistic sexual misconduct with eight juveniles or young adult males under color of his authority as an Anchorage police officer. While the details in each count differ, the substance of the complaint charges Feichtinger with persuading young men to engage in sadomasochistic behavior by informing them that he needed this material as part of an ongoing investigation. In some instances, the sadomasochistic behavior was recorded and in other instances it was photographed.

The case was originally assigned to a district court judge who was peremptorily challenged by the state. The case was reassigned to District Court Judge Natalie K. Finn. Feichtinger then filed a motion to recuse all district court judges in the Third Judicial District, a motion to recuse Judge Finn individually, and a motion to designate a retired judge or justice to hear the case.

Feichtinger reasoned that his defense at trial would be based, in part, on the contention that all of his challenged activity was part of a private investigation outside the usual police department chain of command. Feichtinger contends the investigation involved a number of prominent citizens, including a sitting superior court judge. According to Feichtinger, the investigation was being pursued privately because he feared that high-ranking officials in the police department, the district attorney's office, and the court administration had frustrated past investigations, and that they would leak confidential information to the target judge and others under investigation.

Feichtinger reasons that because his defense involves a sitting superior court judge and claims of possible conspiracy by court administrators, other judges, district attorneys, and police officials in attempting to cover up the target judge's activities, it would be inappropriate for any sitting district court judge and, by extension, any sitting superior court judge in the State of Alaska to preside at trial. In Feichtinger's view, only a retired judge or justice can sit without the appearance of prejudice.

Feichtinger relies on AS 22.20.020(a)(9) which provides:

(a) A judicial officer may not act in a matter in which

. . . .

(9) the judicial officer feels that, for any reason, a fair and impartial decision cannot be given.

Feichtinger also relies upon Alaska Code of Judicial Conduct, Cannon 3 C which provides in relevant part:

C. *Disqualification.*

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

On May 9, 1989, Judge Finn issued a written order denying Feichtinger's motion to recuse all district court judges and to recuse herself. She reasoned that "AS 22.-20.020(a)(9) prohibits a judicial officer from acting in a matter if the judicial officer feels that a fair and impartial decision cannot be given." In Judge Finn's view, this determination must be made on a judge-by-judge basis; no single judge could disquali-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution. After assignment, Frank Feichtinger challenged the members of this panel for cause. AS 22.20.020. Each judge denied disqualification and the

Chief Justice of the Supreme Court assigned Justice Daniel Moore to consider the challenges. *Id.* He denied disqualification in each case. AS 22.20.020(c).

fy another judge except as provided in AS 22.20.020(c).

The following day, Judge Finn partially reconsidered her order and recused herself from further participation in the case. She therefore referred the matter to the presiding judge of the next higher court for reassignment and for review of her order denying defendant's motion to recuse all other judges. *See* AS 22.20.020(c).[1]

On May 10, Superior Court Judge Brian C. Shortell, presiding judge of the superior court, the next highest level of court after the district court, entered an order denying Feichtinger's motion for appointment of a retired judge or justice and implicitly affirming Judge Finn's denial of the motion to recuse all district court judges. Judge Shortell then assigned the case to Judge Peter Ashman of the Palmer District Court for all further proceedings. Feichtinger moved for reconsideration, arguing that by denying the motion to appoint a retired judge, Judge Shortell had not complied with AS 22.20.020(c). Judge Shortell denied reconsideration, implicitly reaffirming Judge Finn's decision that one judge could not disqualify another judge except as provided in AS 22.20.020(c), and indicating that denial of the motion to appoint a retired judge or justice was a prerequisite to appointing a sitting judge.

Feichtinger has petitioned for review of Judge Shortell's orders. We have granted the petition for review to decide a potentially recurring issue about which there appears to be substantial confusion in the trial bar. We are satisfied that the issue should be decided now, on Feichtinger's petition for review, rather than as an appeal from a final judgment.[2] Alaska R.App.P. 402(b)(2) (The order involves an important question of law on which there is a substantial ground for difference of opinion and immediate review of the order may advance an important public interest which might be compromised, if the petition is not granted.) In our view, the issue is one which might otherwise evade review and an immediate decision is in the public interest. Alaska R.App.P. 402(b)(4). Since the parties thoroughly briefed the issues in the trial court and in the petition for review, we elected to dispense with further briefing and oral argument and to decide the case on the trial and appellate court record.

■ Feichtinger presents three issues for consideration on review. We will address them in a slightly different order than he does. First, we consider whether the presiding judge of the Third Judicial District erred in considering Feichtinger's motion to recuse all district court judges by himself rather than by assigning a second judge to rule on that motion. As we have noted, AS 22.20.020(c) provides, in part, that "[i]f a judicial officer denies disqualification the question shall be heard and determined by *another judge* assigned for the purpose by the presiding judge of the next higher level of courts." (Emphasis added).

■ Judge Shortell was clearly the presiding judge of the next higher level of courts after the district court. Feichtinger argues that he was obligated to appoint a judge other than himself to hear the recusal motion. We disagree. The reference to other judge means a judge other than the one whose recusal is sought, in this

---

1. Alaska Statute 22.20.020(c) provides:
   If a judicial officer disqualifies himself or herself or consents to disqualification, the presiding judge of the district shall immediately transfer the action to another judge of that district to which the objections of the parties do not apply or are least applicable and if there is no such judge, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. If a judicial officer denies disqualification the question shall be heard and determined by another judge assigned for the purpose by the presiding judge of the next higher level of courts or,

if none, by the other members of the supreme court. The hearing may be ex parte and without notice to the parties or judge.

2. After we granted the petition for review, Judge Ashman recused himself and the parties stipulated to an order reassigning the case to a retired judge. Feichtinger asks us to dismiss his petition for review on the ground that it is moot. We decline to do so. In our view, a decision of this court is necessary to provide guidance to the lower courts in dealing with similar issues in the future. *See* Alaska R.App.P. 402(b)(4).

case judges of the district court. Because Judge Shortell was not a judge of the district court, it necessarily follows that he could appoint himself to consider the recusal motion. *See, e.g., Thomas v. Hopper,* 770 P.2d 901, 902–03 (Okla.Crim.App.1989) (interpreting a similar statute in a similar way). We recognize that Feichtinger had given notice of an intent to challenge superior court judges as well, but until the case was actually assigned to a superior court judge, such a challenge would not be ripe for consideration.

■ Feichtinger next argues that Judge Shortell erred in denying his motion for recusal of all trial court judges.[3] It is not clear whether Judge Shortell concluded that a motion to recuse all judges was beyond the court's jurisdiction or merely that Feichtinger had failed to make a showing sufficient to require recusal of all judges. Generally, where a trial court order is susceptible of two independent interpretations and it is impossible to determine which motivated the trial judge, a remand for clarification is necessary. An exception to this requirement occurs where either alternative is supported by the law and the facts. *See, e.g., Coats v. Finn,* 774 P.2d 795, 796 n. 2 (Alaska 1989); *Linn v. State,* 658 P.2d 150, 154 (Alaska App.1983). We are satisfied that in this case, Judge Shortell's decision should be upheld on either theory. We will address the theories in turn.

The jurisdiction of courts and, by extension, judges is established by law. *See* Alaska Const. art. IV, § 1. Thus, disqualification of a judge, over the judge's objection, can only occur by law. The term "by law" means "by the legislature." Alaska Const. art. XII, § 11.

■ The sole legislative authority for disqualification of a trial judge, over the judge's objection, is found in AS 22.20.020. *Amidon v. State,* 604 P.2d 575, 577–78 (Alaska 1979).[4] Such a decision may only be overturned where there is an abuse of discretion. *Id.* Where the question of recusal is discretionary with a trial judge, one judge cannot, as a matter of discretion, disqualify others. *See In re Virginia Elec. & Power Co.,* 539 F.2d 357, 364 (4th Cir.1976). This rule is subject to a single exception: where a judge is appointed to consider a challenge to another judge pursuant to AS 22.20.020(c). Consequently, Judge Finn and Judge Shortell did not err by concluding that a motion to recuse all trial court judges, including judges to whom the case had never been assigned and who therefore had never had the opportunity to exercise discretion, was improper.

Presiding Judge Shortell would also have been correct in concluding that Feichtinger's showing was insufficient to warrant recusal of all trial judges, even if such a motion was within the court's jurisdiction. Feichtinger does not argue that any judge, with the possible exception of the alleged target of his investigation, was biased in fact. His argument is that there is an appearance of bias attached to all the trial judges of the State of Alaska by virtue of their collegiality with the judge who was the target of his alleged investigation. He also argues that district court judges might be expected to wish to curry favor with superior court judges who might on occasion review district court decisions on ap-

---

3. Feichtinger argues that the motion for recusal of all trial court judges is a threshold motion in this case which must be ruled on and decided prior to any other motion. He contends that we should rule on the motion for the appointment of a retired judge or justice to hear all pretrial motions and to conduct trial proceedings only if both the benches of the district and superior court are disqualified. In Feichtinger's view, under AS 22.20.020(c), that motion would necessarily go to the chief justice of the supreme court. Our resolution of the other issues in this case makes it unnecessary to decide this issue.

4. Feichtinger's primary error is in failing to distinguish between a trial judge's right to recuse himself or herself, which may be based on Cannon 3 of the Code of Judicial Conduct, and a trial judge's power to disqualify another judge pursuant to AS 22.20.020(c). *See Blake v. Gilbert,* 702 P.2d 631, 641–42 (Alaska 1985), *overruled on other grounds;* 770 P.2d 290 (Alaska 1989). As the supreme court has held repeatedly, one judge may only disqualify another judge as provided in AS 22.20.020.

peal. *See, e.g.*, AS 22.10.020(d)-(f), AS 22.-15.240. Feichtinger argues that a district court judge might be expected to fear antagonizing the target judge or the target judge's colleagues if he or she fairly considers Feichtinger's defense. Feichtinger seems to fear that a district court judge might unreasonably limit the development of his defense to avoid embarrassing a superior court judge.

The Supreme Court of Alaska addressed challenges of this kind in *Amidon*, where it said:

> Where only the appearance of partiality is involved, however, we will require a greater showing for reversal [of a decision denying disqualification]. In any event, we will not overturn a judge's decision unless it is plain that a fairminded person could not rationally come to that conclusion [denying the challenge] on the basis of the known facts.

604 P.2d at 577. *But cf. Swift v. Kniffen*, 706 P.2d 296, 305 (Alaska 1985) (where trial judge had previously represented one of the parties in regard to similar litigation, the appearance of partiality required reassignment on remand).

We are satisfied that Judge Shortell was correct in concluding that reasonable people could differ as to whether all the sitting judges in the state would have suffered from an appearance of partiality and bias had they been called upon to sit in this case. We are satisfied that "collegiality" is precisely the kind of relationship which the community expects its judges to be able to put aside in deciding cases. We are also satisfied that the judges of our district court will properly distinguish between a bona fide defense and a specious defense, without regard to the possible feelings of judges on other levels of courts. We believe the following language from *Amidon* is particularly pertinent.

> It should be kept in mind that a judge has as great an obligation not to disqualify himself [or herself], when there is no

occasion to do so, as he has to do so in the presence of valid reasons.

604 P.2d at 577.

Judges will frequently be assigned cases involving unpleasant issues and difficult problems. Often litigants and their attorneys will be particularly vexatious. In many cases, publicity adverse to the judge is virtually certain no matter what decision he or she reaches. In such cases, judges insufficiently attuned to their responsibilities might readily welcome a baseless request for recusal as an escape from a difficult case. To surrender to such a temptation would justly expose the judiciary to public contempt based on legitimate public concern about judicial integrity and courage. While we agree that judges must avoid the appearance of bias, it is equally important to avoid the appearance of shirking responsibility.

▮ Our remarks should not be taken as a criticism of any specific judge who recused himself or herself in this case. It is certainly possible that individual judges had good reason to recuse themselves based on considerations totally unrelated to Feichtinger's motion to recuse them.[5] Nor should we be understood as criticizing the decision to assign this case to a retired judge. Our concern is that the public is entitled to have sitting district court judges decide cases assigned to them in the absence of good cause for recusal. The motion in this case did not establish a sufficient cause to disqualify any judge. Blanket recusals in response to motions like the one we are considering could well undermine public faith in the judiciary.

The judgment of the superior court is AFFIRMED.

---

5. Frank Feichtinger has been a police officer for many years. It is certainly possible that an individual judge who, for example, is a former prosecutor or public defender might have developed a close personal and professional relationship with him that would lead informed citizens to doubt the judge's impartiality. Our concern is that recusal should only be based on specific facts suggesting that a specific judge has a bias or interest in the outcome of the case.