NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JEFFERY S. MARTIN, | ) | |
| | ) | Supreme Court No. S-15584 |
| Appellant, | ) | |
| | ) | Superior Court No. 1CR-11-00095 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ELENA A. MARTIN, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1562 – December 16, 2015 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Craig, William B. Carey, and Trevor Stephens, Judges.

Appearances: Jeffery S. Martin, pro se, Klawock, Appellant. Elena A. Martin, pro se, Ketchikan, Appellee.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

## I.   INTRODUCTION

A husband and wife divorced after 16 years of marriage. The superior court determined that a certain parcel of real property in Hollis, on Prince of Wales Island, was marital property and was therefore subject to distribution by the court. The husband filed a motion to disqualify the superior court judge, which the superior court denied.

The husband then appealed the property division order to this court. While that appeal was pending, the husband purported that the parties reached an agreement.

---

[*]   Entered under Alaska Appellate Rule 214.

The husband therefore requested that we dismiss his appeal, and we did so. But the husband remained in noncompliance with the property division order. When the superior court ordered enforcement of the property division order, the husband again filed a motion to disqualify the superior court judge. And again, that motion was denied.

The husband appeals both the denial of the disqualification motion and the division of property order. We affirm the superior court on the denial of the motion to disqualify. Because the claims relating to the division of property are not properly before us, we do not address them.

## II.    FACTS AND PROCEEDINGS

Elena and Jeffery Martin married in 1995 and had a son in 1997. Elena, age 47 at the time of the divorce, is a native of Ukraine and earned a masters degree after coming to Alaska. She works as a counselor at the Southeast Alaska Regional Health Consortium. Jeffery, age 55 at the time of the divorce, has been unemployed since 2009 after working in the logging industry and for the U.S. Merchant Marine. Jeffery and Elena own property in Hollis, on Prince of Wales Island. They separated in 2011 and have ever since remained in litigation over custody and property division issues.

In July 2012 Judge William B. Carey issued a final order dividing marital property, allocating debt, and determining child custody and visitation. After filing an unsuccessful motion for reconsideration with the superior court, Jeffery filed a notice of appeal in this court, stating that the superior court erred in its decisions related to division of property, custody, and child support. While Jeffery's appeal was pending in this court, Elena filed a motion asking the superior court for an order that would allow her to list the Hollis property for sale and restrict Jeffery's right to reside and work on the property. The superior court characterized Elena's motion as "in essence, a motion to enforce the terms of the divorce decree." The superior court granted Elena's motion and

ordered Jeffery to show cause as to "why he should not be held in contempt of court for his failure to quitclaim a one-half interest in the Hollis property to Elena."

Then, in December 2012, Jeffery moved to dismiss his appeal, citing an agreement reached by both parties to settle the property issues. We granted his motion under Alaska Rule of Appellate Procedure 511(a), which permits dismissal by party agreement.

Despite the parties' settlement of the property issues, litigation in the superior court continued. In June 2013 the superior court issued a written order stating that Jeffery's continued failure to abide by the superior court's orders put his former wife and his son in "severe financial straits" and caused the "unnecessary perpetuation" of the litigation. For this reason, the superior court granted Elena's request to divide the Hollis property — which had recently been replatted into three lots — into two portions, leaving Jeffery with two lots and Elena with the remaining lot. The superior court ordered Jeffery to quitclaim the relevant lot to Elena by July 1, 2013.

When Jeffery failed to abide by that order, the superior court ordered Jeffery to show cause as to why he should not be held in contempt. After a hearing at which both parties testified, on July 8, 2013, the superior court issued a written decision ordering the clerk of court to execute and transmit a clerk's deed transferring one of the three lots comprising the Hollis property to Elena and ordering Jeffery to vacate that lot. It also awarded Elena a monetary judgment. Jeffery filed a motion for reconsideration, which the superior court denied.

In September 2013 Jeffery filed a motion to disqualify Judge Carey on the basis of purported bias. Judge Carey denied the motion, and Judge David V. George was appointed to review Judge Carey's decision. Judge George determined that Judge Carey had properly denied Jeffery's disqualification motion, finding no grounds to support it

and concluding that Jeffery's "conclusory assertion that Judge Carey is biased is not only insufficient to require Judge Carey's recusal[,] it is contrary to the record in this case."

In March 2014 Jeffery again filed a motion to disqualify Judge Carey on the basis of purported bias. Jeffery claimed that Judge Carey "continually advocated on behalf of Elena," a claim which Judge Carey called "patently false." Judge Carey noted that he had "attempted to accommodate [Jeffery] and ha[d] been patient with his presentment of many motions which [were] not supported by the facts and law, and some [of] which ha[d] been unintelligible and even frivolous." The court stated that it had "held off on imposing what would otherwise be completely justifiable sanctions based upon [Jeffery's] outright defiance of court orders." Superior Court Judge Trevor Stephens was appointed to review Judge Carey's decision.

In March 2014 Judge Stephens upheld Judge Carey's order denying Jeffery's March 2014 disqualification motion. Judge Stephens's decision gave a detailed accounting of the many motions and orders since Jeffery's previous September 2013 motion to disqualify. Judge Stephens noted that, to the extent that Jeffery's March 2014 disqualification motion focused on his motion for reimbursement, Judge Carey did not abuse his discretion in denying the reimbursement motion because Jeffery "had not supported the motion with any affidavits or other verified information." As of March 2014 Jeffery had various other motions before Judge Carey, which Judge Stephens ruled could not form the basis for Jeffery's claim of abuse of discretion because Judge Carey had not yet issued decisions on those motions. Finally, Judge Stephens ruled that "the record does not otherwise reflect that Judge Carey is biased against [Jeffery] or in favor of [Elena] or that he otherwise cannot be impartial in this case."

In May 2014 Jeffery filed a notice of appeal to this court. He identified one issue for review: whether Judge Carey and Judge Stephens abused their discretion in denying Jeffery's March 2014 disqualification motion.

## III.  STANDARD OF REVIEW

"We . . . review denial of a motion to disqualify a judge for abuse of discretion."[1] "We review de novo the question of whether a judge appears biased, which is assessed under an objective standard."[2] "[W]e will not overturn a judge's [disqualification] decision unless it is plain that a fair-minded person could not rationally come to that conclusion on the basis of the known facts."[3]

## IV.  DISCUSSION

### A.  The Superior Court Did Not Abuse Its Discretion In Denying Jeffery's Disqualification Motion.

Jeffery argues that Judge Carey should have been disqualified because he was allegedly biased against Jeffery. Jeffery repeatedly asserts that Judge Carey "advocat[ed] on Elena's behalf," complaining that rulings in Elena's favor were a product of bias. Elena responds that "Jeffery's appeal fails on every count [because i]t is not supported by any declarations alleging that Judge Carey had a personal bias or prejudice in making his decisions." Elena also maintains that Jeffery "failed to aver even a single fact in support of the disqualification [m]otion, so his appeal has no ground for

---

[1]     *Greenway v. Heathcott*, 294 P.3d 1056, 1062 (Alaska 2013); *see also Phillips v. State*, 271 P.3d 457, 459 (Alaska App. 2012) ("[T]he 'abuse of discretion' standard of review applies only to a judge's decision on the issue of whether the judge is actually capable of being fair." (emphasis omitted)).

[2]     *Kinnan v. Sitka Counseling*, 349 P.3d 153, 156 (Alaska 2015) (quoting *Sagers v. Sackinger*, 318 P.3d 860, 863 (Alaska 2014)); *see also Griswold v. Homer City Council*, 310 P.3d 938, 941 (Alaska 2013) ("We independently review a request for disqualification of a judge based on the appearance of impropriety."); *Phillips*, 271 P.3d at 459 ("On the separate issue of whether, given the circumstances, reasonable people would question the judge's ability to be fair, the proper standard of review is de novo — because 'reasonable appearance of bias' is assessed under an objective standard.").

[3]     *Amidon v. State*, 604 P.2d 575, 577 (Alaska 1979).

this reason[] alone."

The bases for disqualification of a judge are laid out in AS 22.20.020(a).[4] None of the reasons Jeffery offers to prove that Judge Carey was biased fall within the

---

[4] AS 22.20.020(a) provides: A judicial officer may not act in a matter in which

    (1) the judicial officer is a party;

    (2) the judicial officer is related to a party or a party's attorney by consanguinity or affinity within the third degree;

    (3) the judicial officer is a material witness;

    (4) the judicial officer or the spouse of the judicial officer, individually or as a fiduciary, or a child of the judicial officer has a direct financial interest in the matter;

    (5) a party, except the state or a municipality of the state, has retained or been professionally counseled by the judicial officer as its attorney within two years preceding the assignment of the judicial officer to the matter;

    (6) the judicial officer has represented a person as attorney for the person against a party, except the state or a municipality of the state, in a matter within two years preceding the assignment of the judicial officer to the matter;

    (7) an attorney for a party has represented the judicial officer or a person against the judicial officer, either in the judicial officer's public or private capacity, in a matter within two years preceding the filing of the action;

    (8) the law firm with which the judicial officer was associated in the practice of law within the two years preceding the filing of the action has been retained or has professionally counseled either party with respect to the matter;

    (9) the judicial officer feels that, for any reason, a fair and impartial decision cannot be given.

bases for disqualification listed in the statute, nor does a review of the record suggest that Judge Carey misapplied the law regarding judicial disqualification.

We have recognized that "a judge has as great an obligation not to disqualify himself [or herself], when there is no occasion to do so, as he [or she] has to do so in the presence of valid reasons."[5] Alaska Code of Judicial Conduct Canon 2 requires judges to recuse themselves if there is actual bias or the appearance of bias,[6] but none of Jeffery's allegations suggest the presence of either. And although Jeffery points to specific rulings in the property division as purported evidence of Judge Carey's bias, because Jeffery dismissed his appeal of the property division, the merits of that award are not properly before us.

"Disqualification was never intended to enable a discontented litigant to oust a judge because of adverse rulings made,"[7] and "[m]ere evidence that a judge has exercised his [or her] judicial discretion in a particular way is not sufficient to require disqualification."[8] Here, although Jeffrey is dissatisfied with the superior court's rulings,

---

[5]    *Amidon*, 604 P.2d at 577 (citing *In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir. 1961); *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968)).

[6]    Alaska Code Jud. Conduct Canon 2(A) (providing that judges must "avoid impropriety and the appearance of impropriety, and act in a manner that promotes public confidence in the integrity and the impartiality of the judiciary"); *see also* Canon 3(B)(5) (requiring judges to perform their duties without bias or prejudice); *Wasserman v. Bartholomew*, 38 P.3d 1162, 1170 (Alaska 2002) ("We have interpreted AS 22.20.020(a)(9) to require a judge to consider not only a showing of actual bias, but also the appearance of partiality." (citing *Amidon*, 604 P.2d at 577)).

[7]    *Sagers v. Sackinger*, 318 P.3d 860, 867 (Alaska 2014) (citing *Wasserman*, 38 P.3d at 1171).

[8]    *Id.* (quoting *State v. City of Anchorage*, 513 P.2d 1104, 1112 (Alaska 1973), *overruled on other grounds by State v. Alex*, 646 P.2d 203, 208 n.4 (Alaska

(continued...)

he points to no substantiated evidence to support his claim of judicial bias. Nor do any of Jeffery's assertions suggest that reasonable people would question Judge Carey's ability to be fair. Therefore, Judge Carey correctly denied Jeffery's disqualification motion, and Judge Stephens correctly affirmed Judge Carey's order.

**B.      Jeffery's Argument With Regard To Property Division Is Not Properly Before Us.**

By the plain terms of his notice of appeal and his brief, Jeffery does not purport to appeal the 2012 property division order. He instead identifies the claim of judicial bias as the sole issue for review on appeal. But he seems to ask that we also review the superior court's 2012 findings on the division of property. We conclude that Jeffery may not use his appeal of Judge Stephens's March 2014 order affirming Judge Carey's denial of the disqualification motion as a vehicle to collaterally attack Judge Carey's 2012 property division judgment.

We dismissed Jeffery's appeal of the property division at his request under Appellate Rule 511(a), after he reported that the parties had "reached an agreement." Moreover, Judge Stephens's order of March 27, 2014, explicitly addresses only those claims of bias that accrued after Judge George's October 30, 2013 Memorandum and Order: Each allegation of bias that had accrued prior to October 30, 2013, was addressed — and rejected — by Judge George. Thus, Jeffery's allegations of bias in the 2012 property division order are not properly before us.

We therefore dismiss Jeffery's putative appeal of the 2012 property division order as moot.

---

[8](...continued)
1982)).

## V. CONCLUSION

For these reasons, we AFFIRM the superior court's decision to deny the disqualification motion and DISMISS the putative appeal of the 2012 property division order.